THE CLEVELAND, CINCINNATI, CHICAGO AND ST. LOUIS
RAILWAY COMPANY *v.* THE TOWN OF
WAYNETOWN ET AL.

[No. 19,122.   Filed November 28, 1899.]

MUNICIPAL CORPORATIONS.—*Taxation.*—*Certification by County Auditor.*—*Injunction.*—An action will not lie to enjoin a town from the collection of taxes against a railroad company because of the failure of the county auditor to apportion to such town its proper share of the taxable valuation of the property. *pp. 550-554.*

SAME.—*Taxation.*—*Injunction.*—The fact that a railroad company paid taxes to the township upon its property located within the corporate limits of a town will not entitle it to an injunction to prevent the town from collecting the taxes due it. *pp. 550-554.*

PRACTICE.—*Harmless Error.*—Where a demurrer to a complaint was improperly overruled and judgment was rendered in favor of defendant on demurrer to plaintiff's reply, the judgment will be affirmed, as the correct result was reached. *p. 554.*

From the Montgomery Circuit Court.   *Affirmed.*

P. S. *Kennedy,* S. C. *Kennedy, John* T. *Dye,* W. *H.* *Dye* and L. J. *Hackney,* for appellant.

A. D. *Thomas* and W. T. *Whittington,* for appellees.

HADLEY, J.—This was a suit by appellant to restrain by injunction the sale of property for the payment of taxes. The complaint alleges that appellant's railroad extends through the appellee town, and that said town for ten years last past has been and now is a legally organized municipal corporation situate in Wayne township, Montgomery county, Indiana; that for the years 1890 to and including 1894 its railroad property, extending through the town of Waynetown, Wayne township and Montgomery county, was legally valued for the purposes of taxation by the State Board of Equalization and the State Board of Tax Commissioners, and that the proper allotment of the valuation fixed by said boards for the years named was duly certified by the Auditor of State to the auditor of Montgomery county,

and that the auditor of Montgomery county, at the proper time, duly certified the proper allotments to the townships, cities, and towns in said Montgomery county, under the provisions of §8555, Burns 1894. But for none of the years named, nor at any time before the bringing of this suit, was any part of the valuation of appellant's property distributed by the auditor of Montgomery county to the town of Waynetown; that the auditor of Montgomery county, in computing the amount of taxes due from appellant to Wayne township, for the years named, based the computation upon all of appellant's railroad traversing said township, including that part within the corporate limits of Waynetown; and that the taxes so computed and extended against the property of the appellant, for the use of Wayne township, had been fully paid before suit; that the town had made no claim for taxes for said years before January, 1896, when $294 for delinquent taxes was put upon the tax duplicate of said town by order of the town board, and payment thereof demanded; that the appellant had no notice that such taxes were to be placed upon the tax duplicate of Waynetown, and, upon its refusal to pay the same, appellee, by its marshal, levied upon, and is about to sell, certain of appellant's personal property for the payment of such delinquent taxes. Prayer for injunction.

Appellee's demurrer to the complaint was overruled and exception reserved. Answer in general denial and one affirmative paragraph which, in addition to the facts recited in the complaint, averred that the clerk of Waynetown ascertained from the records in the office of the auditor of Montgomery county the true and correct valuation of that part of the railroad lying wholly within the corporate limits of the town of Waynetown for each of the years named, and as made by the State Boards of Equalization and Tax Commissioners, and placed the same upon the tax duplicate of the town, and extended the taxes thereon as against the

other taxable property of the town; and that the same remains unpaid.

Appellant's demurrer to the second paragraph of answer was overruled, and it replied that the valuation of its property for taxation, as fixed by the State Board and certified to the auditor of Montgomery county, had never been by him distributed to the town of Waynetown nor taxes computed and extended by him against said valuation and credited to the town of Waynetown on the tax duplicate of the county.

Appellee's demurrer to the reply was sustained, and appellant, electing to stand by the ruling upon the demurrer, judgment was ordered for the defendant.

By proper assignments appellant calls in question the action of the court upon the demurrer to the second paragraph of answer and second paragraph of reply, and by cross-assignment appellee calls in question the sufficiency of the complaint. We will begin with the complaint. If it is bad, the inquiry need proceed no farther. We are met at the very threshold with the principle that when a party "appeals to a court of equity and invokes its extraordinary writ of injunction, he must rely upon some substantial equity and can not avail himself of naked irregularities or the neglect of mere forms to shield himself from a liability confessed to be just." *Jones* v. *Summer*, 27 Ind. 510. A court of equity looks at the substance of things and will not lend its aid to assist one in avoiding a legal duty by the employment of means that have done him no harm. *Jones* v. *Summer, supra; Musselman* v. *City of Logansport*, 29 Ind. 533; *Reynolds* v. *Bowen*, 138 Ind. 434; *Saint* v. *Welsh*, 141 Ind. 382.

It appears from the complaint that the appellant's railroad runs through the town of Waynetown, and that the latter is a legally incorporated town. Appellant was therefore bound to know that appellee was entitled to tax its property, in common with the other propery in the town, for the sup-

port of the municipal government. It also appears from the complaint that the taxable valuation of appellant's property in the town was regularly and legally ascertained, and that when this suit was brought appellant had actual knowledge that it had paid no taxes for town purposes to appellee or anyone else for any of the years mentioned. And it seeks to avoid payment by showing: (1) That the auditor of the county failed to apportion to appellee its proper share of appellant's taxable valuation as determined by the State Board. (2) That the town had no authority of law to place omitted property upon its tax duplicate. (3) That it had paid taxes to Wayne township for township purposes on all its property in the township, including that in the town of Waynetown.

That the taxes assessed by the town were based upon the correct valuation of appellant's property therein, and that the amount demanded is just, due, and unpaid, is not denied; but escape from payment is sought because the assessed valuation and tax extension did not reach the town duplicate through the medium of the county auditor. If the correct amount of taxable value of appellant's property, as fixed by the State Board and certified to the county by the Auditor of State, found its way to the tax duplicates of the town, what difference can it make to the substantial rights of appellant whether the allotment was computed and the taxes carried out by the county auditor or clerk of the town? If the amount of the assessment and computation of the taxes thereon were correct, which must be taken as admitted in the absence of a denial, we can not perceive how the appellant is injured by the irregularity; and to say that a payment of taxes to Wayne township on all of its railroad in that township, including that part in the corporate limits of Waynetown, is equally barren of equity. If appellant paid more taxes to Wayne township than was legal or just, it has its complete remedy; but we know of no principle, either

legal or equitable, that will permit it to be charged to Waynetown.

The complaint exhibited no ground for injunctive relief and the demurrer thereto should have been sustained. *Hunter Stone Co. v. Woodard*, 152 Ind. 474. As the proper result was reached by judgment against the appellant upon the reply, the judgment ought to be affirmed. It is unnecessary to consider the errors assigned by appellant. Judgment affirmed.