## BALTIMORE & OHIO SOUTHWESTERN RAILROAD COMPANY *v.* OREGON TOWNSHIP OF CLARK COUNTY.

[No. 21,262. Filed April 23, 1908.]

1. PLEADING.—*Complaint.*—*Recovering Taxes Paid by Mistake.*—
*Tax Boards.*—*Presumptions.*—Where a railroad company, by mistake, reported to the State Board of Tax Commissioners, that a certain mileage of its road was in a certain township, whereas a portion of such mileage was in an adjoining township, the action of such commissioners in assessing such mileage as located in such township as reported, must be presumed to be regular. p. 301.

2. TAXATION.—*Railroads.*—*Reports to State Board of Mileage in Townships.*—Under §10245 Burns 1908, Acts 1891, p. 199, §85, it is the duty of railroad companies to report their trackage in each county and township. p. 301.

3. SAME.—*Railroads.*—*Assessment.*—*Correction of Errors by County Auditors.*—The county auditor has no power to correct mistakes in the State Board of Tax Commissioner's assessment of the mileage of railroad trackage; but such mistakes must be corrected by such board in some manner authorized by law. p. 302.

4. SAME.—*Assessments.*—*State · Board.*—*Collateral Attack.*—*Estoppel.*—The assessment of the railroad trackage in a township, by the State Board of Tax Commissioners, in the absence of fraud, cannot be collaterally attacked, especially where the mistake in question was induced by the complaining company. p. 304.

5. SAME.—*Mistakes.*—*Authority of County Treasurers.*—Where the State Board of Tax Commissioner's assessment of a railroad shows an excessive trackage in a certain township, the county treasurer has no authority to receive less than the amount assessed. p. 305.

From Clark Circuit Court; *Harry C. Montgomery*, Judge.

Action by the Baltimore & Ohio Southwestern Railroad
Company against Oregon Township of Clark County. From
a judgment for defendant, plaintiff appeals. Transferred

from Appellate Court under subd. 2, §1394 Burns 1908, Acts 1901, p. 565, §10. *Affirmed.*

*Edward Barton* and *Jewett & Jewett,* for appellant.

*M. Z. Stannard,* for appellee.

GILLETT, J.—Appellant brought this action against Oregon Township of Clark County, to recover, as for money had and received, the amount of an alleged excessive payment of taxes made by appellant and received by said township. The excessive payment, according to the amended complaint, grew out of the fact that appellant had, under an erroneous belief as to its mileage in said township, reported four and fifty-two hundredths miles of its railroad as being in said township, whereas fifty-one hundredths of said mileage was in the adjoining township of Washington. It is also alleged that, under said mistake, appellant for a number of years paid the full amount of taxes based on the assessment of four and fifty-two hundredths miles, and that, by mistake as to said mileage, the county treasurer distributed the amount so paid to Oregon township, and that it received such payments under the same mistake. It is further alleged that, upon the discovery of the mistake, the county auditor assessed said fifty-one hundredths of a mile of track as property omitted in Washington township, and that appellant was compelled to and did pay the assessment. The other averments of the amended complaint need not be stated. Appellant appeals from a judgment which followed its refusal to amend after a demurrer had been sustained to said pleading.

There being no allegation to the contrary, we must presume that the State Board of Tax Commissioners regularly assessed appellant's railroad, and that the taxes paid

1. were based on the assessments of said board. Appellant was required by statute, in addition to reporting to the board the length of its main track and side

2. tracks and turnouts in this State, to report the proportions of such tracks in each county and

township. §10245 Burns 1908, Acts 1891, p. 199, §85. This shows that the lodging with the board of information as to the amount of track in each township was not a negligible element in the legislative scheme.

Where the matter has passed the state board, it 3. is not for the county auditor, a mere ministerial officer, to review what is in effect the finding of the board as to the proper assessment of a railroad in a particular township. The board has power upon its own initiative to make inquiry into the correctness of the return, and if, possessing jurisdiction and acting without fraud, it errs in its conclusions, the taxpayer cannot successfully appeal to the courts, but must be content with such other remedy, by rehearing or otherwise, as the law may afford. *Chicago, etc., R. Co.* v. *Babcock* (1907), 204 U. S. 585, 27 Sup. Ct. 326, 51 L. Ed. 636; *Rhoades* v. *Cushman* (1873), 45 Ind. 85; *Cleveland, etc., R. Co.* v. *Backus* (1893), 133 Ind. 513, 18 L. R. A. 729; *Pittsburgh, etc., R. Co.* v. *Backus* (1893), 133 Ind. 625; *Hart* v. *Smith* (1902), 159 Ind. 182, 194, 58 L. R. A. 949, 95 Am. St. 280; *City of Jeffersonville* v. *Louisville, etc., Bridge Co.* (1908), 169 Ind. 645; 27 Am. and Eng. Ency. Law (2d ed.), 720. The proposition we advance is illustrated by *McLeod* v. *Receveur* (1896), 71 Fed. 455, 18 C. C. A. 188, a case wherein the assessment of an interstate bridge was attacked as excessive, it being alleged that the assessment was made by mistake and misrepresentation as to the boundary of the state at that point. In disposing of the question the court said: "Here there is no suggestion of fraudulent conduct upon the part of the board of equalization. Its officers were charged with the duty of assessing the value of the property of the bridge company lying within the State of Indiana. They did not seek or attempt to make any assessment upon property without the boundaries of the State. It was their duty to ascertain the extent of the property of the bridge company lying within the State, and to declare its fair value. It is, in effect, charged that

they committed an error of judgment, being misled to believe that the boundary line of the State was below low-water mark in the Ohio river, and so placed upon the property lying within the State a greater valuation than they otherwise would have done; in other words, that, through a mistake of fact and error of judgment, the property of the bridge company lying within the State was excessively valued. The board of equalization had, however, jurisdiction of the subject-matter, and, as observed by Chief Justice Ryan, 'had jurisdiction to commit the error;' and its determination, however erroneous, cannot be impugned collaterally. Jurisdiction existing, any order of judgment is conclusive in respect to its own validity in a dispute concerning any right or title to be derived through, or anything done by virtue of, its authority. It is true that, with respect to these special tribunals for assessment of property, evidence of excessive valuation is sometimes admitted; but it is so received in connection with other testimony to establish a charge of fraudulent conduct on the part of the board."

If it were held that the county auditor is authorized to correct an assessment made by the board, by diminishing the assessment in one township in order to increase it in another, then it would also follow that the same source of power authorizes him to remeasure the track in a county or township, and to diminish the assessment if found excessive. As a result there would be no assessment by the board of the railroad in the State, but only a basis of assessment established by the board, with the duty devolving upon a ministerial officer to hear and determine what may be a controverted question of fact as to the extent of the mileage in a particular governmental subdivision, which would involve the power to cut down the assessment of the railroad in the entire state by diminishing it in the county or township. This is certainly not the law; the assessment is fixed by the state board, a body with *quasi*-judicial powers, and the authority which is reposed in the county auditor is merely the

ministerial one of extending the assessment upon the duplicate from the data which is before him:.

The doctrine of estoppel has often been applied to taxpayers whose return has caused the officer to make an incorrect assessment. *Conwell* v. *President, etc.* (1856), 4. 8 Ind. 858; *Telle* v. *Green* (1867), 28 Ind. 184; *Iowa Cent. R. Co.* v. *People, ex rel.* (1895), 156 Ill. 373, 40 N. E. 954; *Inland Lumber, etc., Co.* v. *Thompson* (1905), 11 Idaho 508, and note to that case as reported in 7 Am. & Eng. Ann. Cas., 862, 866. Without, however, determining how far the element of mistake of fact in the making of the return may impinge upon this doctrine where the assessing board acts without other authority than the making of the return under the law implies, yet it is clear that where the board has jurisdiction to determine the ultimate fact as to the extent of an assessment on account of the ownership of property in a particular township, its determination of such fact, pursuant to such return, is conclusive upon the courts in the absence of fraud. The decision of a tax board bears no inconsiderable analogy to the judgment of a court, and the analogy holds, for the purpose of the observation that it makes no difference with the validity of the proceeding, where the determination or judgment is drawn in question in a collateral action, whether the conclusion as to the existence of a material fact was reached upon the weighing of evidence or upon the admission of the party affected thereby. Appellant having reported four and fifty-two hundredths miles of its track in Oregon township, and nothing appearing to show that the board was guilty of fraud, or that it transcended its jurisdiction, as by attempting to assess in favor of said township property which was in fact located elsewhere, we perceive no ground for holding that the assessment is open to the attack of this action.

Certainly the county auditor had no authority under the showing made to make a readjustment as against Oregon

township, and for the same reason it follows that the
5.  county treasurer was not authorized to permit less to
be paid in on account of such township than the full
amount resulting from an extension of the rate upon the
valuation as fixed by the state board.    Upon these considera-
tions we hold that the trial court did not err in sustaining
the demurrer to the amended complaint.    It is proper to
say that this action was commenced before the act of March
9, 1907 (Acts 1907, p. 227, §6091 Burns 1908), was passed.
Judgment affirmed.