## QUICK ET AL. v. TEMPLIN, TREASURER, ET AL.

[No. 6,460. Filed June 23, 1908.]

1. APPEAL.—*Demurrers.*—*Exceptions.*—*Joint or Several.*—Where defendants filed separate demurrers to the complaint, the entry on the court's ruling being: "Come now the parties herein, and the demurrer filed by the defendants herein is sustained, * * * to which the plaintiffs except," each plaintiff may assign error thereon, on appeal, the courts being less technical than formerly on such questions. p. 152.

2. PARTIES.—*Multiplicity.*—*Joint Interest.*—*Drainage Assessments.*—*Validity.*—The owner of assessed lands within the limits of a town may sue for himself and on behalf of other assessed owners, as well as the town itself, to restrain the collection of an assessment for the repair of an established drain extending into such town, a multiplicity of suits being thereby avoided. p. 153.

3. DRAINS. — *Extending Into Towns.* — *Repairs.* — *Assessments.* — Where a public drain extends into the corporate limits of a town, neither the owners of lands within the town nor the town itself can be assessed under §5631 Burns 1905, Acts 1905, p. 456, §10, providing for the repair of public drains, for the cost of repairs to such drain, where the repairs were made to that portion of the drain lying wholly without such town. p. 155.

4. INJUNCTION.—*Taxation.*—*Void.*—Void taxes may be enjoined. p. 157.

From Starke Circuit Court; *John C. Nye,* Judge.

Suit by Samuel M. Quick and another against Isaac Templin, as County Treasurer of Starke County, and others. From a decree for defendants, plaintiffs appeal. *Reversed.*

*George W. Beeman* and *William A. Foster,* for appellants.

*W. C. Pentecost,* for appellees.

MYERS, J.—Alfred A. Savery, as county surveyor of Starke county, acting under the act of 1905 (Acts 1905, p.

456, §10, §5631 Burns 1905), repaired a certain public ditch theretofore established under the drainage law of this State, and on May 29, 1905, reported to the county auditor the repairs so made and the lands assessed to meet the costs of such repairs. Lee M. Ransbottom, as county auditor of said county, entered the assessments so made on the tax duplicate and placed the same in the hands of Isaac Templin, county treasurer, for collection, as provided in said section. The ditch so repaired was partly within and partly without the corporate limits of the town of Knox. The assessments so made were against land within said corporate limits, as well as upon land without said limits. The appellants, as owners of assessed lands within the town, brought this suit in their own behalf and on behalf of others named owning lands within said town likewise and similarly affected, including the town of Knox, to enjoin the county treasurer from collecting the assessments made against the several parcels of land within said corporate limits, and the assessment against the town as benefits to the highways therein, and to enjoin said county auditor from again placing said assessments upon the tax duplicates and the county surveyor from again making or certifying the same against their said lands, separately described in the complaint. Separate demurrers of appellees for want of facts were sustained and a decree entered in their favor.

The only errors assigned relate to the ruling of the court, in sustaining the demurrers to the complaint.

Appellees first make the point that no question is presented for decision, for the reason that the exception to the ruling of the court on the separate demurrers of each of the appellees was joint and in gross, and the assignments of errors are by the appellants severally, and based on the ruling on each demurrer. It appears from the record that each of the appellees filed a separate demurrer to the complaint for want of facts. Each of

these demurrers was sustained, the order-book entry being: "Come now the parties herein, and the demurrer filed by the defendants herein is sustained by the court, to which the plaintiffs except and refuse to plead further and abide their complaint." Technically speaking, there is some merit in appellees' contention, but the more recent decisions being less technical along these lines, indicate a purpose, and rightly so, to push aside technical rules and give to parties the benefit of a reasonable construction of the record, to the end that the merits of the controversy may be reviewed. The point suggested is not well taken. *Whitesell* v. *Strickler* (1907), 167 Ind. 602; *Bessler* v. *Laughlin* (1903), 168 Ind. 38.

Appellees also contend that the complaint was insufficient, for the reason that appellants were not entitled to join in one suit, citing *Jones* v. *Cardwell* (1884), 98 Ind. 331. It will be seen from an examination of that case that the complaint was held bad (1) because it stated a cause of action in one only of the plaintiffs; (2) because it did not show a common interest alike affected, or that it was a proceeding to enforce a relief common to both plaintiffs.

In this case it is shown that "the question is one of a common or general interest of many persons," the parties numerous and "impracticable to bring them all before the court." In such cases our code, which is a reënactment of the equity rule for the joinder of parties, authorizes one or more to sue or defend for the benefit of the whole. §270 Burns 1908, §269 R. S. 1881, 1 Thornton's Civil Code, §29, note 15, §37. The code further provides that "all persons having an interest in the subject of the action, and in obtaining the relief demanded, shall be joined as plaintiffs," etc. §263 Burns 1908, §262 R. S. 1881.

In this case the complaint, in addition to other facts, alleges that the assessments against the lands of plaintiffs and the lands of all others for whom plaintiffs sue, lying

and being within the corporate limits of the town of Knox, and assessed to pay for said repairs, as well as the assessment against said town, were without authority of law, and that said treasurer, treating said assessments as valid, is threatening to and will unless enjoined levy upon, advertise and sell said lands; that said assessments are an apparent lien on said lands and a cloud upon the title thereto, and that unless said officers are enjoined great and irreparable injury to these plaintiffs and the others for whom they sue will result from their proposed unlawful and unwarranted acts; that the placing of said assessments on the tax duplicate against said lands and against said town of Knox was wrongful and unlawful and without warrant of any statute of the State of Indiana.

The case before us presents but one issue, the enforcement of a common interest, that of relief against an alleged illegal assessment, common to all, injuriously affecting all, and with common relief demanded for all. While the real estate assessed was held in separate rights, there was that community of interest shown between the plaintiffs as would authorize them to unite in one suit, upon the principle at least of thereby avoiding a multiplicity of suits. *Heagy* v. *Black* (1883), 90 Ind. 534, 540; *Town of Sullivan* v. *Phillips* (1887), 110 Ind. 320; *Jones* v. *Rushville Nat. Bank* (1894), 138 Ind. 87, 92; *Carmien* v. *Cornell* (1897), 148 Ind. 83, 89; *Bosher* v. *Richmond, etc., Land Co.* (1892), 89 Va. 455, 16 S. E. 360, 37 Am. St. 879; Merwin, Eq. and Eq. Pl., §902; Fletcher, Eq. Pl. and Pr., §26. In *Jones* v. *Rushville Nat. Bank, supra,* it is said: "It is true, where an illegal tax has been levied, which affects alike the property of a community, or where a public improvement has been illegally ordered, the assessments for which affect the property of a number of individuals, those affected may unite in an action for the purpose of avoiding such illegal tax or assessment, because they all have a common interest."

There is no claim in the pleading under consideration that

the surveyor made any repairs upon that part of the ditch
within the corporate limits of the town of Knox, nor

3. that any statutory step was omitted leading up to the
alleged assessment of appellants' lands, as also that
against said town, for the costs of said repairs in proportion
to the benefits, nor that any objection was made to any of
the proceedings until the treasurer undertook to collect said
assessments. The law concerning municipal corporations, ap-
proved March 6, 1905 (Acts 1905, pp. 219, 407, §267, §8961
Burns 1908), gives to every city and town in this State ex-
clusive power over the watercourses, sewers and drains
within said city or town, and §5631, *supra*, provides "that
such parts of public drains as are within the corporate lim-
its of any city or town shall be kept in repair by such city
or town." In view of these legislative provisions it is clear
that the county surveyor had no power or authority over the
ditch within the corporate limits of the town, and, in the ab-
sence of a contrary showing, we may assume that he fol-
lowed the law, and the assessments in question were made
by him to meet the costs of the repairs on that part of the
ditch without the town. Thus we have the only remaining
question in this case, namely: Where a public drain is part-
ly within and partly without the corporate limits of a city,
does the law authorize the assessment of lots and lands bene-
fited and within such corporate limits, as well as the munici-
pality, to pay for repairs made on the portion of said drain
without such corporate limits?

The act of 1905 (Acts 1905, p. 456, §§5622-5635 Burns
1905), under which drainage may be constructed, expressly
provides for the assessment of all lands benefited, whether
within or without any city or town, as also such city or
town, for benefits to public streets or highways thereof, and
of corporations, whether public or private, to pay the costs
of such improvement. Section 5631, *supra*, relates solely to
the repairs of such drains, and while it contains a general
provision to the effect that the county surveyor of the county

in which the ditch proceedings were had is required to keep the same in repair, the language of the whole section indicates that his jurisdiction in that regard is limited to the ditch or drains without the corporate limits of a city or town. The costs of the repairs made by the surveyor "for the time" are to be paid by the county treasurer out of the county revenue, but such revenue is to be reimbursed by assessments made "upon the lands and corporations to be benefited by such repairs in proportion to such benefits and in no case in excess of the benefits." This general provision of authority to the surveyor must be construed in connection with other provisions in the section, that all may be consistent on the line of impartiality as nearly as possible to all who are to bear the burden of maintaining the drain. Applying this view to the case before us, the General Assembly evidently intended to apportion the costs of such repairs between the town on the one side and the country on the other, by requiring the former to maintain that part of the ditch within its corporate limits, and the latter to pay the costs of repairing the ditch without such limits, and designating the county surveyor and investing him with authority to make the repairs for the country district. The method thus provided for the repair of the ditch is complete, and while it is argued that the city or town authorities might be derelict in their duty in this regard, we cannot assume that such would be the case, the presumption being to the contrary. To hold that the lands and lots within an incorporated town shall be assessed or in any other form taxed for the entire costs of maintaining such drainage in the town, and also for additional assessments in proportion to benefits to pay the costs of repairs outside of the town, would certainly not be consistent with any equitable adjustment of the costs of maintaining such improvement, and would be contrary to the legislative intention, as expressed in said act.

The effect of this conclusion is to preclude the surveyor

from making assessments against property within a city or incorporated town or against such corporation to pay for repairs made by him on a ditch without such corporate limits, where the same ditch extends through such limits, and any assessments so made being without statutory authority are void and may be enjoined. The complaint in this case is therefore sufficient to withstand a demurrer for want of facts.

Judgment reversed, with instructions to overrule the demurrers to the complaint.

Roby, J., absent.