## CLEVELAND, CINCINNATI, CHICAGO AND ST. LOUIS RAILWAY COMPANY *v.* ENSLEY, TREASURER.

[No. 6,786.   Filed November 5, 1909.]

1. TAXATION.— *Railroads.— Omitted Property.— Auditors.— Treasurers.—Duties of.*—Neither the county auditor nor the county treasurer has any right to place on the tax duplicates property belonging to a railroad company, the State Board of Tax Commissioners alone having power to assess railroad companies. p. 541.

2. TAXATION.—*Railroads.—Assessment of, in Wrong Township.— Readjustment.*—Where a railroad company's property has all been assessed, but part of it was assessed and paid in the wrong township, such company cannot be made to pay to the proper township.   p. 542.

3. INJUNCTION.— *Taxation.— Railroads.— Omitted Property.*—An assessment for taxation, by a county auditor and a county treasurer, of property belonging to a railroad company, can be enjoined.   p. 543.

4. TAXATION.—*Illegal Assessment.—Payment to Township.—Remedy.*—Where a railroad company is assessed and pays taxes in the wrong township, and subsequently is assessed for such property and pays such assessment in the right township, such company cannot recover the money paid to the wrong township. p. 543.

From Superior Court of Marion County (73,511) ; *John L. McMaster,* Judge.

Suit by the Cleveland, Cincinnati, Chicago and St. Louis Railway Company against Oliver P. Ensley, as treasurer of Marion county.   From a judgment for defendant, plaintiff appeals.   *Reversed.*

*Leonard J. Hackney, Frank L. Littleton* and *John J. Kelly,* for appellant.

*John C. Ruckelshaus* and *C. S. Denny,* for appellee.

RABB, J.—Six divisions of the appellant's railroad run through the city of Indianapolis.   In doing so, some of them pass through Center township and some through Wayne township in Marion county.   The proper officer of appellant

filed with the auditor of Marion county, and with the Auditor of State, schedules of all the taxable property of appellant in Marion county, for each of the years 1897 to 1906, inclusive, as required by the provision of §§8495, 8503 Burns 1901, Acts 1891, p. 199, §§77, 85, and all of appellant's property subject to taxation in said county was duly assessed for taxation, for each of said years, by the State Board of Tax Commissioners, and the report of such assessment duly made by said board to the auditor of said county, who extended the taxes levied thereon under said assessment upon the tax duplicate of said county, and the taxes so assessed and levied were regularly paid by appellant when due. But in the schedules filed by the appellant's officials with said officers, by mistake and inadvertence, eight-tenths of a mile of one division of appellant's main track, which was located within the corporate limits of the city of Indianapolis, was erroneously described in said schedules as being located in Center township, and certain parts of three other divisions of appellant's road aforesaid, located in Center and Wayne townships, by like mistake and inadvertence, were erroneously described in said schedule as being located within the limits of said city of Indianapolis, and upon this erroneous basis the taxes on said road were calculated and extended by the county auditor on the tax duplicates for said years, and collected and distributed by the county treasurer.

It appears that as a result of these errors the city received, on a distribution of the taxes paid by appellant on its property in the county, several hundred dollars more than it was legally entitled to, had no mistake been made in the description of its property in its schedules, and that appellant paid in taxes more than it would have been legally liable for, had said mistakes not been made.

In December, 1896, the appellee, as treasurer of Marion county, assuming that by virtue of his office he had authority so to do, placed on the tax duplicate of said county a special assessment of taxes against the appellant's property, for

municipal, school and library purposes in the city of Indianapolis, amounting to $2,795.50, for the years from 1899 to 1906, inclusive, and that, upon the report of said treasurer to the auditor of Marion county of said taxes, said auditor placed upon the tax duplicate of said county a special assessment against appellant's property of $3,075.08, the same being intended as a special assessment for city purposes of the taxes on that part of appellant's road located in the city of Indianapolis, and erroneously described in said schedule as being located in Center township, on the ground that such misdescribed portion of appellant's road was "omitted property," within the meaning of §§10310, 10353 Burns 1908, Acts 1897, p. 141, §1, Acts 1891, p. 199 §182.

This suit was instituted by the appellant to enjoin appellee from enforcing the assessment of said special assessment of taxes. The question was put at issue, a trial was had, a finding made against appellant, its motion for a new trial overruled, and judgment rendered against it on the finding.

The sufficiency of the evidence to sustain the finding is the question presented by this appeal. The only evidence introduced consisted of an agreement of the facts, which are substantially as set forth. It is the contention of the appellee that the appellant, upon the state of facts exhibited by the evidence, has no standing in court, for the reasons: (1) That the facts show that for eight-tenths of a mile of its road, within the limits of the city of Indianapolis, which was erroneously described in the schedules of its property, filed with the county auditor and the Auditor of State, as being located in Center township, it is justly and legally liable to the city of Indianapolis for city taxes for all the years named in the special assessment, and that mere irregularity in the steps taken to enforce it will not afford grounds for a suit in equity to enjoin the collection of the tax. (2) That appellant has a complete remedy at law for all relief it is entitled to, under the facts shown, by an application to the county board for refunding of the taxes erroneously paid by it to

Center and Wayne townships, under the provisions of §§6088-6091 Burns 1908, §§5813-5815 R. S. 1881, and Acts 1907, p. 227, §1.

We are unable to agree with this view. Here it is shown that all of the appellant's property, subject to taxation, was set forth in the schedules filed by it, as required by 1. law, with the taxing officers. It was all duly assessed for taxation by the State Board of Tax Commissioners, the only body authorized under the law to assess its property, and all the property thus assessed was properly placed on the tax duplicate of the county. None of it was omitted, and the taxes so assessed upon such property were paid by the appellant.

There is no warrant in the law for the action of the taxing officers in placing on the tax duplicate a special assessment against appellant's property. Neither the auditor nor the treasurer has anything whatever to do with the assessment of taxes against the property of railroad companies of the character of the one here involved.

This question is thoroughly settled in the recent well-considered case of *Baltimore, etc., R. Co.* v. *Oregon Tp.* (1908), 170 Ind. 300, where the question arose over a claim presented by the railroad company against Oregon township for the repayment of taxes which had been paid by the company and distributed to Oregon township, on account of a similar mistake in its schedules, in which a certain part of the company's road, which was in fact located in another township, was erroneously described as being in said Oregon township, and where the auditor of the county, upon learning of such mistake, assumed the authority, as the appellee and the county auditor of Marion county did in this case, to make a special assessment of the misdescribed piece of the road as omitted property, and placed the same upon the tax duplicate as being in the township in which it was actually located, and which special assessment of taxes the company paid. In deciding the case, the court said: "It is not for the county

auditor, a mere ministerial officer, to review what is in effect the finding of the board as to the proper assessment of a railroad in a particular township. The board has power upon its own initiative to make inquiry into the correctness of the return, and if, possessing jurisdiction and acting without fraud, it errs in its conclusions, the taxpayer cannot successfully appeal to the courts, but must be content with such other remedy, by rehearing or otherwise, as the law may afford. * * * If it were held that the county auditor is authorized to correct an assessment made by the board, by diminishing the assessment in one township in order to increase it in another, then it would also follow that the same source of power authorizes him to remeasure the track in a county or township, and diminish the assessment if found excessive. * * * Appellant having reported four and fifty-two hundredths miles of its track in Oregon township, and nothing appearing to show that the board was guilty of fraud, or that it transcended its jurisdiction, as by attempting to assess in favor of said township property which was in fact located elsewhere, we perceive no ground for holding that the assessment is open to the attack of this action. Certainly the county auditor had no authority under the showing made to make a readjustment as against Oregon township."

And so here, neither the auditor nor the treasurer had any authority whatever to make a readjustment of the assessments made by the State Board of Tax Commissioners. The action of such board in the matter is conclusive, though made upon an erroneous return.

The decision in this case, clearly settles that such assessment is conclusive upon the taxpayer, and it necessarily follows that if conclusive upon the taxpayer, it must be conclusive upon the municipality entitled to the tax.

2. Particularly is this true if the taxpayer has in good faith paid the taxes as levied and assessed. It is then too

late for even the State Board of Tax Commissioners to correct the mistake by readjustment of the assessment.

The special assessment, being a nullity, an action to enjoin its collection is the appropriate remedy. *McCrory* v. *O'Keefe* (1904), 162 Ind. 534; *Fleener* v. *Claman* (1887), 112 Ind. 288; *Hart* v. *Smith* (1902), 159 Ind. 182, 58 L. R. A. 949, 95 Am. St. 280; *Schmoll* v. *Schenck* (1907), 40 Ind. App. 581.

3.

The case of *Baltimore, etc., R. Co.* v. *Oregon Tp., supra,* effectually settles the further contention of appellee that the appellant has a complete remedy at law. The point there decided is that for a payment of such illegal special assessment the taxpayer has no remedy.

4.

It is insisted that the case of *Cleveland, etc., R. Co.* v. *Town of Waynetown* (1899), 153 Ind. 550, is an authority sustaining appellee's contention that the city is entitled to the tax upon the alleged omitted eight-tenths of a mile of appellant's track, erroneously described in the schedule as being located in Center township. If this were conceded, the authority of the case just cited would be annulled by the decision of the Supreme Court in the case of *Baltimore, etc., R. Co.* v. *Oregon, supra,* but there is a very clear distinction between the case of *Cleveland, etc., R. Co.* v. *Town of Waynetown, supra,* and the one here presented. In the case last cited the decision of the court was predicated upon the lack of equity in the taxpayer's case. It was there shown that the plaintiff's road ran through the incorporated town of Waynetown, and that the railroad property was liable for taxes for town purposes, that it had paid no town taxes, and it was held by the court that for the reason that the company had paid no taxes to the town, it had no standing in court to complain of the irregularity in the proceedings of the town, by which its property was placed upon the tax duplicate of the town. While here, it appears that the defendant railroad company has paid all taxes legally assessed against it,

and that of the taxes thus paid there has been distributed to the city of Indianapolis more than its just proportion of the same.

Judgment reversed, with instructions to grant a new trial.