## BRETT, SURVEYOR, ET AL. *v.* PRETORIOUS.

[No. 7,300. Filed October 27, 1911.]

1. DRAINS.—*Repairs.—Notice.—Jurisdiction.*—Under §5631 Burns 1905, Acts 1905 p. 456, §104, providing that the repairs on drains "shall be let as a whole or by sections, as the surveyor may deem for the best interests of the parties * * * after notice first given for ten days by posting," such surveyor's jurisdiction to proceed is restricted to the method prescribed; and his action in letting such contract and in repairing the drain without the giving of such notice is void. p. 529.

2. DRAINS.—*Repairs.—Assessments.—Notice.—Complaint.*—A complaint alleging that the county surveyor, without notice, and without bids, let a contract for the repair of a drain extending through plaintiff's land, that he made an assessment for the expenses thereof and placed such assessment on the tax duplicates against plaintiff's property, and praying that such assessment be canceled and declared void, is sufficient. p. 530.

3. DRAINS.—*Repairs.— Jurisdiction.—Injunction.—Appeal.*—Where a drain is repaired without giving the affected landowners any

notice thereof, and without receiving any bids for the making of such repairs, the remedy is by injunction and not by appeal. p. 530.

4. TRIAL.—*Verdict.—Issues Decided.*—A general finding constitutes a finding on every issue in favor of the prevailing party. p. 531.

5. APPEAL.—*Weighing Evidence.*—Where there is any evidence tending to support the finding of the trial court, the judgment will not be disturbed. p. 531.

From Wabash Circuit Court; *U. S. Lesh,* Special Judge.

Suit by George Pretorious against Charles H. Brett, as county surveyor of Wabash county, and others. From a decree for plaintiff, defendants appeal. *Affirmed.*

*Alvah Taylor* and *Fred E. Sutton,* for appellants.

*D. F. Brooks,* for appellee.

FELT, P. J.—This is a suit by appellee, against appellants Charles H. Brett, surveyor, J. P. Noftzger, auditor, and John H. Morrow, treasurer, of Wabash county, Indiana, to declare void a certain assessment made against the lands of appellee for cleaning out a public ditch, and to have said assessment canceled upon the records and tax duplicates of the auditor and the treasurer of Wabash county.

The errors assigned and presented by the briefs are that the court erred in overruling each appellant's separate demurrer to appellee's complaint, and in overruling the motion for a new trial.

The complaint alleges, in substance, that appellee was and is the owner of certain real estate in Wabash county, Indiana; that during the months of February and March, 1906, appellant Brett hired men by the day to clean out a public drain, known as the Urbana ditch; that before hiring said men he did not post notices for bids, nor let said work by contract to the lowest and best bidder; that said ditch was cleaned out in the manner aforesaid, without the consent of appellee, and without any notice to him whatsoever; that on June 6, 1906, long after the work was completed, said Brett made assessments on the various tracts of land affected by

said ditch, including the land of appellee, to secure funds to pay for the work aforesaid; that appellee's real estate was assessed for $42.37, and on June 20, 1906, appellant Brett certified such assessment to the auditor of Wabash county, who placed it upon the tax duplicates of said county, against the land of appellee; that said assessment will be collected, unless canceled and set aside, and that it is largely in excess of the benefit to appellee's said land.

Appellant Brett assumed to proceed in accordance with §10 of the act of 1905 (Acts 1905 p. 456, §5631 Burns 1905),

1.  which provides that the surveyor of the county in which the proceedings were had establishing the ditch, should keep such ditch in repair, and further provides that "such work or repairs shall be let as a whole or by sections, as the surveyor may deem for the best interests of the parties to be affected and the lowest and best bidder or bidders, after notice first given for ten days by posting in three public places in each township * * * and one at the door of the court house." Such section further provides that "for the purpose of reimbursing the county treasury the surveyor, as soon as the contracts for the repairs are made, and before any work is done thereon, shall apportion and assess the costs thereof upon the lands and corporations to be benefited by such repairs in proportion to such benefits and in no case in excess of the benefits." The statute also provides for notice of the assessment by posting, and for an appeal from the assessment to the circuit or superior court, which appeal shall be tried by the judge, the only questions available being the necessity of the repairs, the cost thereof, and whether appellant's lands are benefited, and, if so, the amount of his assessment.

It is insisted that the complaint is insufficient and that the suit cannot be maintained, because an adequate remedy at law is provided by an appeal to the circuit or superior court.

The statute authorizing the surveyor to keep public ditches

in repair, requires that a notice of the letting be posted, and that the work be let by contract, as heretofore shown. It has been held frequently that where the statute prescribes the method to be pursued by a public officer or an inferior tribunal, there must be a substantial compliance with the statute, or the acts of such officer or tribunal will be void. The right to notice is fundamental, and before a lien or assessment can be levied and enforced upon real estate, in a case like this, the statutory notice must be given, for without it there is no jurisdiction to proceed. Jurisdiction of the person is as essential to a valid assessment as jurisdiction of the subject-matter. *Gavin* v. *Board, etc.* (1885), 104 Ind. 201; *Hobbs* v. *Board, etc.* (1885), 103 Ind. 575; *Everett* v. *Deal* (1897), 148 Ind. 90; *English* v. *Smock* (1870), 34 Ind. 115, 7 Am. Rep. 215; *Silver, Burdett & Co.* v. *Indiana State Board, etc.* (1905), 35 Ind. App. 438; *Tucker* v. *Sellers* (1892), 130 Ind. 514, 519.

The averments of the complaint show a total failure to comply with the statute, as to notice and the letting

2. of the contract. The demurrer admits the facts that are well pleaded. The complaint states a cause of action, and the demurrer thereto was properly overruled.

It is contended that the remedy is by appeal, and not by suit to have the assessment annulled. On the facts stated in the complaint, the assessment is void, and a suit

3. will lie to set it aside and enjoin its collection. The rule is different where the court obtains jurisdiction, and the action taken is alleged to be irregular or erroneous. In such case, the remedy by appeal provided by the statute is the only one available. *Gavin* v. *Board, etc., supra,* at page 206; *Hobbs* v. *Board, etc., supra,* at page 581; *Thompson* v. *McCorkle* (1894), 136 Ind. 484, 493, 43 Am. St. 334; *Smith* v. *Smith* (1902), 159 Ind. 388.

It is further contended that appellee is estopped to deny notice and the letting of a contract. The answers were by

way of estoppel, and the trial court passed on the evidence admitted under such answers, and made a general finding in favor of appellee, that necessarily is a finding in his favor on the question of estoppel.

The motion for a new trial was urged on the grounds that the decision is not sustained by sufficient evidence and is contrary to law.

This court will not consider the evidence, except to determine whether there is a failure of proof on any material issue in the case. Where there is a conflict of evidence, or where reasonable minds may draw different inferences therefrom, this court will not disturb the finding of the lower court on the evidence. There was evidence strongly tending to support the answers of estoppel, but we cannot say that it was so conclusive as to preclude the finding of the trial court. *Town of Monticello* v. *Condo* (1911), 47 Ind. App. 490; *Stroble* v. *City of New Albany* (1896), 144 Ind. 695, 699; *City of Valparaiso* v. *Schwerdt* (1907), 40 Ind. App. 608. The presumption is in favor of the trial court. No reversible error has been pointed out by appellants.

Judgment affirmed.