## TONER v. McCARTER, TREASURER, ET AL.

[No. 8,954. Filed May 11, 1915.]

1. DRAINS.—*Dismissal of Proceedings.*—The mere abandonment of a drainage proceeding after jurisdiction has once been acquired does not work a dismissal, but there must be some record or act of the court showing a dismissal. p. 685.

2. DRAINS.—*Suit to Enjoin Assessment.*—*Nature of Suit.*—A suit to enjoin the collection of a drainage assessment is a collateral attack. p. 686.

3. DRAINS.— *Statutes.*— *Repeal.*— Under the repealing clause of the drainage act of 1907 (Acts 1907 p. 508, §21), while all conflicting laws were repealed, any pending proceeding begun prior to the act of March 6, 1905 (Acts 1905 p. 456), were to be continued under the act of 1907. p. 686.

4. DRAINS.—*Proceedings.—Attack.*—Under §4 of the drainage act of 1907 (Acts 1907 p. 508), providing for the appointment of a construction commissioner whose duty it shall be to construct the work in accordance with the plans and specifications approved by the board, the board of commissioners had jurisdiction to appoint a commissioner in a proceeding commenced prior to that act and continued thereunder, and the remedy of a party aggrieved thereby was by appeal and direct attack. p. 686.

5. DRAINS.—*Proceedings.—Objections to Assessments.*—An allegation in a complaint to enjoin the collection of a drainage assessment that the assessment had been raised after it had been filed by the viewers is not sufficient to show the assessment was void and warrant the power of injunction, in view of the fact that the viewers' report set out in the complaint discloses that the amount plaintiff was benefited was the exact amount that he was assessed. p. 687.

6. DRAINS.—*Enjoining Assessment.—Complaint.*—Since a suit to enjoin the collection of a drainage assessment on the ground that the construction was unauthorized is a collateral attack, the complaint, to be sufficient to obtain the relief sought, must expressly show that no order was made directing or authorizing the construction of the drain, and a mere showing of errors or irregularities in the proceedings is insufficient. p. 687.

From Fulton Circuit Court; *Harry Bernetha,* Judge.

Action by Albert Toner against Frank McCarter as treasurer of Fulton County, and another. From a judgment for defendants, the plaintiff appeals. *Affirmed.*

*I. Conner* and *A. D. Toner, Jr.,* for appellant.

*Holman, Stephenson & Bryant, James H. Bibler* and *M. A. Baker,* for appellees.

SHEA, J.—This action was brought by appellant Toner to enjoin the collection of certain ditch assessments against his land in Fulton County, Indiana. The court below sustained appellees' demurrer for want of facts to appellant's amended and supplemental complaint, and this ruling is the only error relied on for a reversal.

It is alleged, in substance, that on January 28, 1902, one John R. McKinsey filed with the auditor, and afterward; presented to the board of commissioners of said county, a petition to locate and establish a ditch in said county, which affected the lands owned by this appellant and concerning which his grievances relate; that the board of commissioners of Fulton County appointed viewers to locate a tile ditch as petitioned for by said McKinsey, who, on April 21, 1902, made and filed their report in the matter with Robert S. Lowry, then auditor of Fulton County, but said "board of commissioners did not then or thereafter make any entry of · record concerning said report, save to note the filing thereof and the allowance of the costs and expenses incident to the making and filing of said report"; that said petitioner and others whose lands were assessed with benefits for the construction of the proposed ditch paid all costs so allowed, and the construction of the ditch was then wholly abandoned by the mutual consent of all persons whose lands had been assessed; that the viewers in their report filed April 21, 1902, made the assessments of benefits for the construction of the proposed ditch, to the several tracts of land set out and described, in their report of allotments Nos. 1-13, set out in detail in the complaint. Allotment No. 13 reads:

"We have set off and apportioned to  *  *  *  271.41 acres owned by A. D. Toner, counting 80 acres of which is benefited by reason of the construction of said ditch, drain or watercourse in the sum of $1,556.40. Said allotment No. 13 is located on said ditch from station 90.29 to station 125.50, being 3,521 feet in length and contains 1,380 cubic yards of excavation exclusive of old ditch. We find it would be worth 10 cents per cubic yard to perform such excavation, making $138.00 for excavation and the costs of $640.20 for tile construction with 16-inch tile making a total cost of $778.20, a credit of $125.00 being given making a total $803.20, which in truth and in fact should have been no more than $640.20."

It is alleged that no other or further assessment than con-

tained in the report of the viewers was made at any time afterward, but that said Davisson wrongfully and unlaw-fully raised appellant's assessment as made by said viewers in the sum of $640.20, to $1,556.20, an increase of $916, and wrongfully and unlawfully certified to the auditor of the county the sum of $1,556.20 against his lands, and the auditor extended the sum on the ditch tax duplicate in his office for collection by the immediate predecessor of appellee McCarter; that the ditch tax duplicate was then delivered to appellee's immediate predecessor, John H. Pyle, treasurer of Fulton County, who gave the usual notice for the sale of the lands to discharge the lien. To enjoin said threatened sale, this action is brought.

It is insisted on behalf of appellant that the court erred in sustaining a demurrer to the complaint for the reason that the original drainage petition had been aban-1. doned by the parties, as the complaint alleges, and therefore there was nothing pending before the board of commissioners after the passage of the act of 1907 (Acts 1907 p. 508, §6140 Burns 1914), which authorized said board to finish the construction of pending drainage proceedings. The mere abandonment of an action in the courts by parties after the court has once acquired jurisdiction does not amount to a dismissal of the cause. There must be some record or act of the court showing the dismissal of it, to be available to appellant in such an action, as hereinafter shown. The authorities cited by appellant go only to the right of the parties to dismiss a cause upon payment of cost, and do not sustain the theory that parties may pay the cost of an action, and then treat the action as dismissed, without authority of the court, as appellant contends in this case. Although the report of the viewers to the board of commissioners was made April 21, 1902, and the work was not assigned to the drainage commissioner until a subsequent date, yet there is no charge in the complaint that the action was ever formally dismissed. If this were a

direct proceeding, the question would arise from a different angle, but a suit to enjoin the collection of a drainage assessment is a collateral attack, and has been repeatedly so held. *Larimer* v. *Krau* (1914), 57 Ind. App. 33, 103 N. E. 1102, 105 N. E. 936; *Baltimore, etc., R. Co.* v. *Board, etc.* (1901), 156 Ind. 260, 268, 269, 58 N. E. 937, 59 N. E. 856; *Brooks* v. *Morgan* (1905), 36 Ind. App. 672, 76 N. E. 331.

In this case, although it appears that some time had elapsed between the time of the report of the drainage commissioners, and the reference of the report to the construction commissioner, the board must have determined that the action was still pending, and that therefore it had jurisdiction to so refer the work for construction. It appears from the allegations of the complaint that this petition was filed on January 28, 1902. It is argued that the act of 1907 repealed all prior acts, except that it did not affect proceedings pending under the act of March 6, 1905 Acts 1905 p. 456), and inasmuch as this proceeding had been abondoned, it was not pending, and therefore could not be continued under the act of 1907. Section 21, Acts 1907 p. 508, reads as follows: "All laws and parts of laws heretofore enacted in relation to drainage are hereby repealed: *Provided,* Any pending proceedings shall be continued under this act, except that all proceedings which shall have been commenced under and in accordance with an act entitled 'An act concerning drainage', approved March 6, 1905, shall be concluded and determined in accordance with all of the provisions of said act." The plain meaning of this statute is that while all laws in conflict therewith are repealed, any pending proceeding begun prior to 1905, should be continued under the act of 1907.

Section 4 of the act of 1907 (Acts 1907 p. 508, §6143 Burns 1914), provides for the appointment of a construction commissioner whose duty it shall be to construct the ditch or drain in accordance with plans and specifica-

tions approved by the board. The complaint does not show that the board of commissioners was without authority to appoint a construction commissioner, as, in so far as the averments are concerned, the action was still pending, therefore the appointment of a commissioner was within the jurisdiction of the court, and appellant's remedy was by appeal and direct attack. *Larimer* v. *Krau, supra.*

It is further insisted that the allegation in the complaint that the assessment of appellant was raised by appellee Davisson after it had been filed by the viewers is sufficient to show the assessment void, and to oust the court's jurisdiction, and thus warrant the exercise of the power of injunction. We think this position is as vulnerable as the others assumed by appellant for the reasons given under the holdings cited. It is not disclosed in the complaint in what official capacity, if any, Davisson acted or was acting at any time during the proceedings. It is disclosed in argument, however, that he was appointed construction commissioner. An examination of section 13 of the viewer's report discloses that the benefits to appellant's lands are found to be $1,556.40, which is the amount finally charged against appellant's land. This is followed by other statements and figures which are quite ambiguous, and do not change or control the statement of the viewers as to amount of appellant's benefits. The amount charged against him is the exact amount in which he is found benefited. There was therefore no change made in the viewers' report by Davisson or any other person.

It is argued that the language of the complaint in effect shows that no order was made directing or authorizing the construction of the drain. A careful examination of the complaint discloses that the only statement with respect to entries made refers to the report of the viewers. The averment upon that subject is that the report was made and filed, but no formal entry was made concerning it. If this language could be construed to refer

to the order for final construction, it is doubtful whether it would be fatal in a collateral attack, in view of the subsequent action of the board, as mere irregularities and errors can be reached only by direct attack. *Todd* v. *Crail* (1906), 167 Ind. 48, 77 N. E. 402; *Smith* v. *Pyle* (1909), 44 Ind. App. 150, 88 N. E. 733; *Friebe* v. *Elder* (1914), 181 Ind. 597, 105 N. E. 151. However, since there is no averment in the complaint that the final order 'for the construction of the ditch was not duly made, we must conclude, in a collateral attack such as this, that the necessary order was made. A party who seeks to invoke the power of injunction must aver facts disclosing his right therefor. It has been repeatedly held that it must affirmatively appear that the board of commissioners was without jurisdiction, in order to warrant this court in exercising the extraordinary power of injunction. *Brooks* v. *Morgan, supra; Simonton* v. *Hays* (1882), 88 Ind. 70. It is also significant that the silence of appellant during the time of construction and up to the time a lien was sought to be enforced is wholly unexplained.

Viewing the matter in the broad sense, the complaint fully discloses that a proper petition was filed and acted upon; that the court had jurisdiction of both the parties and the subject-matter; that viewers were appointed and assessments made. The inference is clear that the whole matter was referred to the construction commissioner. The ditch was constructed. Assessments were made and placed on the tax duplicate, where a lien for the amount charged against appellant's lands was sought to be enforced, so that any other facts or circumstances set out in the complaint may be said to show mere errors and irregularities, which can not be taken advantage of by a collateral attack. *Larimer* v. *Krau, supra; Childrens Home, etc.* v. *Fetter* (1914), 106 N. E. (Ohio St.) 761. Judgment affirmed.

NOTE.—Reported in 108 N. E. 879. See, also, under (1) 14 Cyc. 1042; (2) 14 Cyc. 1064, 1072; (3) 36 Cyc. 1231, 1235; (4) 14 Cyc. 1037; (5, 6) 14 Cyc. 1072.