SELTENRIGHT *v.* COOK, COUNTY TREASURER.

[No. 13,246. Filed January 10, 1929.]

*Wise & Wise*, for appellant.

LOCKYEAR, J.—This is an action by the appellant, Clara Seltenright, to enjoin the appellee, Rolland E. Cook, county treasurer, from selling real estate described in the complaint for an alleged erroneous ditch assessment certified to the county auditor by the drainage commissioner and by him placed on the tax duplicate and the county treasurer advertising the same for sale. The complaint was in one paragraph, to which a demurrer was addressed and the court sustained the demurrer.

The error relied upon is the sustaining of the demurrer to the plaintiff's complaint.

The complaint shows, in substance, that the appellant is the owner of the land set out and described in her complaint, and that the appellee is the qualified acting treasurer of Marshall county and that, in a certain drainage proceeding, the report of the commissioners was confirmed by the court and the ditch therein described established and the carrying out of the recommendations of said report was assigned to Samuel G. Williamson; that the real estate described in the complaint was assessed as benefited for construction of said ditch in the sum of $1,832.15; that the aforesaid assessment of benefits was the only assessment against said real estate for the construction thereof, and said benefits were assessed against said lands for the construction thereof in the report of the drainage commissioners, which report was approved and confirmed by the court

and was the basis upon which such ditch was established; that after the ditch was established, the said Williamson mailed notice to the husband of appellant, who was then the owner of the said land, as to the amount of the assessment, requesting payment of the assessment as provided by law. Appellant avers that all payments have been paid to the said treasurer and that there is nothing due or owing on said real estate for the construction of the said ditch, all installments having been paid in full; the appellant further avers that the drainage commissioner, Williamson, has certified to Otto H. Weber, county auditor, that there was still due and owing from said assessment $366.43, and that said auditor has placed the same on the tax duplicate to be collected as other taxes are collected; that the county treasurer has advertised the above-described real estate for sale for said sum, and is threatening to sell same. Wherefore, she prays the court that the defendant be restrained and enjoined from selling said real estate and for all necessary and proper relief. Section 6182 Burns 1926 (Acts 1907 p. 508), provides, among other things, that the commissioner or other person charged with the execution of the work shall, for the purpose of raising funds, collect *pro rata* of the assessments of benefits reported by the drainage commissioners, and as adjudged by court, such sums of money as may be necessary therefor, not exceeding the benefits so adjudged upon any one tract.

If in any case the drainage assessment is absolutely void, or if all that is legally due against any tract of land has been paid, the proper remedy is to enjoin the collection of a threatened void assessment. *Toner* v. *McCarter* (1915), 58 Ind. App. 682, 108 N. E. 879; *Brett* v. *Pretorious* (1911), 48 Ind. App. 527, 96 N. E. 211; *Quick* v. *Templin* (1908), 42 Ind. App. 151, 85 N. E. 121; *Vizzard* v. *Taylor, Treasurer* (1884), 97 Ind.

90; *Studebaker* v. *Studebaker* (1898), 152 Ind. 89, 51 N. E. 933; *Cleveland, etc., R. Co.* v. *Ensley* (1909), 44 Ind. App. 538, 89 N. E. 607; *McCrory* v. *O'Keefe, Treasurer* (1904), 162 Ind. 534, 70 N. E. 812.

The appellee has filed no brief herein, and a failure to file a brief may be considered a confession of error and justifies a reversal where appellant presents *prima facie* error. *Wasman* v. *Dye* (1920), 73 Ind. App. 11, 126 N. E. 435.

We have, however, carefully examined the complaint and find that it states a cause of action.

Judgment reversed, with instructions to overrule the demurrer.