## BAKER v. GOWLAND ET AL.

[No. 5,542.   Filed February 20, 1906.]

1. APPEAL AND ERROR.—*Motion to Withdraw from Highway Petition.*—*Exceptions.*—Where certain signers of a highway petition moved to withdraw their names from such petition, but no action was taken thereon and no exception of any kind taken, no question is presented.   p. 366.

2. SAME.—*Appellate Court Rules.*—*Briefs.*—Where appellant fails to set out literally or substantially the questioned complaint in his brief, and suggests no objection thereto, no question thereon is presented.   p. 367.

3. HIGHWAYS.—*Viewers' Reports.*—*Enclosures.*—Viewers' reports setting out the established line of the proposed highway and stating that certain enclosures were found, the owners of one of which consented to the establishment of the highway and the other refused consent, are in accordance with the statute (§6743 Burns 1901, Acts 1899, p. 116, §1).   p. 367.

4. APPEAL AND ERROR.—*Highways.*—*Enclosures.*—*Judgment.*—*Form of.*—*How Questioned.*—No error is presented on appeal by assigning error on the form of a judgment which establishes a highway but says nothing of enclosures existing, a motion to modify such judgment being the proper practice.   p. 367.

5. SAME.—*Presentation of Cause.*—*Record.*—*Exceptions.*—*Legislative Powers.*—The manner of the presentation of a cause on appeal is for the determination of the appellate court, but the manner of making the record and saving exceptions is for the legislature.   p. 368.

6. SAME.—*Instructions.*—*Record.*—*Statutes.*—To save questions on instructions under the act of 1903 (Acts 1903, p. 338), attorneys must comply substantially with the provisions thereof.   p. 368.

7. SAME.—*Instructions.*—*Record.*—*Statutes.*—A filing with the clerk of the instructions in a cause twelve days after the verdict does not bring such instructions into the record by a bill of exceptions within the terms of the statute (§641i Burns 1905, Acts 1903, p. 338, §9).   p. 370.

8. SAME.—*Admission of Evidence.*—*Appellate Court Rules.* Where appellant's brief fails to set out the evidence admitted over objection, and fails to cite the record where it may be found, no question thereon is presented.   p. 370.

9. APPEAL AND ERROR.—*Evidence.—Recital of.—Briefs.*—Where appellant sets out in his brief simply the conclusions drawn from the evidence by counsel, no question is presented on the sufficiency of the evidence. p. 370.

From Jasper Circuit Court; *Charles W. Hanley,* Judge.

Highway petition by George W. Gowland and others against which William P. Baker and others remonstrate. From an order of establishment, Baker appeals. *Affirmed.*

*J. E. Wilson* and *E. P. Honan,* for appellant.

*Foltz & Spitler,* for appellees.

BLACK, P. J.—The record of the board of commissioners of Jasper county filed on appeal in the court below shows, first, that a person named and described as "attorney for remonstrants" filed the petition of eleven persons representing that they had signed a certain petition asking that board to locate and establish a certain highway, described, in that county, and praying to withdraw their names therefrom, and that their names be struck therefrom as such petitioners. No action upon this application appears to have been taken by the board. The same person next entered special appearance (for whom is not stated) and moved "to dismiss petition," not stating more definitely what petition, and not assigning any ground for the motion, "which is overruled by the board." Thereupon the appellees, described as petitioners, presented to the board their petition for the location and establishment of a highway, which would pass over the lands of the appellant and of another person. This was signed by the same persons that signed the petition to withdraw their names, and by others, in such number that if the names of the persons who asked the withdrawal of their names were omitted, there would still be more petitioners than the number required by the statute. It does not appear that the court below made any ruling upon the matter of the withdrawal of names, or that it was asked to do so, and no exception to any action, or to

omission of action, thereon appears in the record. The board appointed viewers, who at the next term presented their report, favorable to the establishment of the road, and thereupon the appellant appeared and filed his remonstrance, and the board appointed reviewers, and at the next term "the remonstrants" appeared by the attorney who had filed the petition for withdrawal of names, and presented the report of the reviewers, showing that they all found that the highway would be of public utility, and that two of them found that the appellant would be damaged in the sum of $200, while one of them reported that the benefits accruing to the appellant would be equal to the damages which he would sustain. Upon the motion of the petitioners for the road, the board set aside this report and appointed other reviewers, and at the next term the attorney for the petitioners filed the report of these reviewers, showing that they found that the highway would be of public utility, and that the benefits would equal the damages sustained by the appellant. The appellant's motion to strike out this report was overruled by the board. This report having been approved and confirmed, the board ordered the establishment of the highway, and the appellant appealed to the court below, where the trial of the cause by jury resulted in favor of the petitioners for the highway and against the appellant, and judgment accordingly having been rendered, and the appellant's motion for a new trial having been overruled, this appeal was taken.

Plainly, the record does not present an opportunity for us to decide, as assigned here as error, that "the court erred in not permitting the withdrawals from the petition 1. filed in said cause of" the persons, some of the appellees, who filed the application for such withdrawals.

It is also assigned that the petition filed in this cause does not state facts sufficient to constitute a cause of

2. action, but in the appellant's brief the petition is not set out, nor is the substance thereof stated, and no objection to it is suggested.

It is next assigned that the court erred in establishing a public highway on the route described in the petition and in the viewers' report, for the reason that the 3. viewers' report upon which the road was ordered established by the board of commissioners "sets out the following, in addition to other matters: 'We report that said route passes through enclosures of more than one year's standing on the lands of George Gowland and William P. Baker, and that a good way for the road can not otherwise be had without departing essentially from the route petitioned for; that said George Gowland freely consented to the establishment of said road, and said William P. Baker refused to consent thereto.' " If this assignment could be regarded as relating to any ruling of the court below excepted to, it is sufficient to say that it is therein indicated that the viewers proceeded in accordance with the statute. §6743 Burns 1901, Acts 1899, p. 116, §1.

It is next assigned that the court erred in establishing said proposed highway through the enclosure of William P. Baker of more than one year's standing. It was 4. proper for the judgment of the court to follow in accordance with the verdict. The same may be said of the next assignment, that the court erred in entering judgment on the verdict of the jury returned in said cause. It has not been pointed out that any objection was made to the rendition of judgment in the form in which it was entered.

It is finally assigned that the court erred in overruling the appellant's motion for a new trial. We are urged to consider some of the court's instructions to the jury. Passing over suggestions of counsel for the appellees concerning the manner in which the objections to these instructions are presented in the appellant's brief, we will

consider the objection of counsel for the appellees to the consideration of the instructions because of the condition of the record.

While the manner of presentation of errors relating to instructions in briefs on appeal is regulated by the rules of this court, the manner of making instructions parts of the record on appeal and the method of taking and saving exceptions to the action of the court upon instructions are not prescribed and can not be determined by this court. Such authority has not been given the court, but is exercised by the legislature.

On the day of the commencement of the trial the appellees filed a written request that the jury be instructed in writing and that the court give "the following special instructions." This request, not containing any instructions, was signed by attorneys for the appellees; and nothing further relating to instructions appears in the proceedings of that day. The record of the proceedings of the next day is as follows: "Come the jury, and the argument of counsel is heard, and they retire in charge of a sworn officer to deliberate upon and consult of a verdict. Instructions as follows, to wit." Then follows one set of instructions, numbered one and two, not signed by any one, nothing further concerning them appearing. Immediately after the second of these instructions commences another set of instructions, numbered consecutively from one to twelve inclusive. After each one of these instructions is the following: "Given and excepted to at the time by the defendant, this 24th day of September, 1904," this being signed by attorneys for the defendant as such, and lower down and at the left, appears "C. W. Hanley, judge," each of these memoranda with these signatures being appended to the particular instruction to which it relates. Next is a request, signed by attorneys for the defendant, that "the following instructions" be given, and another request, signed in like manner, that all the

instructions be given in writing. There is nothing here relating to the filing of these papers. Immediately after them follow three instructions numbered consecutively, not signed by any one, and nothing being said by way of memorandum thereto annexed or otherwise relating to them or either of them. Immediately after them is an entry showing the return of the verdict. Twelve days afterward, at the same term, is an entry showing that the parties appeared by counsel, and the defendant "files instructions given in this cause with his exceptions, which instructions and exceptions read as follows." Thereupon follows the same set of twelve instructions, with the same signed memoranda following the instructions severally, as above stated, and immediately after them is the following, without signature: "And which are ordered filed and made part of the record, herein, and day is given."

Referring to the provisions of the statute of 1903 (Acts of 1903, p. 338), not including the provisions relating to oral instructions, which are not here applicable, it will be observed that there was failure in many respects to comply with the statutory requirements. No instructions requested, if any were requested, appear to have been signed by a party or his attorney. The court did not indicate by a memorandum signed by the judge at the close of any set of instructions requested, if any were requested, the numbers of those given and of those refused. No set of instructions given by the court of its own motion, if any so given, was signed by the judge. No instructions appear to have been filed with the clerk at the close of the instruction of the jury. No exceptions to the giving or refusing of instructions appear to have been taken orally and entered upon the records or minutes of the court, or in writing at the close of the instructions requested, if there were such, or those given by the court of its own motion, if there were such, by an entry by a party or attorney at the close of such instructions of a memorandum dated and signed and set-

ting forth in substance that such party excepted to the giving or the refusing of "each of the above instructions designated by its number."

The statute (§641i Burns 1905, Acts 1903, p. 338, §9) provides that no provision thereof shall be so construed as to preclude any matter from being made a part of the record by bill of exceptions under the rules of practice in force at the enactment of this statute, and counsel for the appellant refer to this provision; but it is quite plain that the filing mentioned above, twelve days after the verdict, did not save by bill of exceptions the set of instructions so filed. Besides, it did not appear that these were all the instructions given.

It is claimed that the court erred in the admission of evidence, but what the evidence was which was so admitted is not shown, and the place where it may be found in the record is not indicated.

The statement of evidence in the appellant's brief does not sufficiently comply with the requirement of the rule that if the insufficiency of the evidence to sustain the verdict or finding in fact or in law is assigned, the statement in the appellant's brief shall contain a condensed recital of the evidence in narrative form so as to present the substance clearly and concisely. The evidence covers more than one hundred fifty typewritten pages of the record. The statement in the brief relating to the evidence covers about two printed pages, and consists of some numbered statements of conclusions of counsel as to what the evidence shows, and not of such a recital of evidence itself as the rule requires.

Judgment affirmed.