# Baltimore & Ohio Railroad Company *v.* Freeze.

[No. 20,969.   Filed November 26, 1907.]

1. **Evidence.** — *Sister-State Judgment.* — *Jurisdiction.—Statutes.— Garnishment.*—Where an Illinois statute provided that wages earned and payable outside of that state should be exempt from garnishment within that state, upon a cause of action arising outside of such state, and that justices of the peace should have no jurisdiction in such circumstances, and there was no evidence showing that such cause arose out of that state, the presumption is that the cause arose within such state; and the transcript of the judgment of the justice of the peace is competent evidence in an action in this State, where the garnishee paying such judgment has pleaded same as a set-off.   p. 374.

2.  JUDGMENT.—*Erroneous.—Collateral Attack.—Jurisdiction.—Appeal.*—Where a court has apparent jurisdiction over the parties to an action and the subject-matter thereof, its judgment rendered therein is conclusive on collateral attack, the remedy being by appeal. p. 374.
3.  EVIDENCE.—*Law of Sister State.—Presumptions.*—In the absence of evidence to the contrary, the law of Illinois is presumed to be the same as that of this State. p. 375.
4.  JUDGMENT.—*Sister-State.—Validity.*—The judgment of a sister-state court is entitled, in this State, to the same faith and credit to which it is entitled under the laws of such sister state. p. 375.
5.  GARNISHMENT.—*Duty of Garnishee.*—Where the principal has knowledge of the garnishment proceedings, but makes no defense, the garnishee is under the duty only to look to the jurisdiction, act fairly, and make a full disclosure. p. 376.

From Dekalb Circuit Court; *Emmet A. Bratton,* Judge.

Action by A. John Freeze against the Baltimore & Ohio Railroad Company. From a judgment for plaintiff, defendant appeals. *Reversed.*

*J. E. & J. H. Rose* and *Calhoun, Lyford & Sheean,* for appellant.

MONTGOMERY, J.—Appellee brought this action before a justice of the peace upon a demand due him for wages. He recovered a judgment, from which appellant appealed to the circuit court, wherein a second judgment was recovered. It is charged upon this appeal that the trial court erred in overruling appellant's motion for a new trial.

An action upon account was brought by Roy W. Loucks against appellee and appellant as garnishee defendant before a justice of the peace of Cook county, Illinois, and judgment rendered therein for $18.90, which judgment appellant, as such garnishee, was compelled to pay. In this action appellant claimed, but was denied, credit for the sum paid by it upon the Illinois judgment. The trial court first received in evidence, but subsequently struck out, the transcript of proceedings before the Cook county justice. Appellant alleged, as reasons for a new trial, that there was error in the assessment of the amount

of recovery, the same being too large, that the decision of the court was not sustained by sufficient evidence and was contrary to law, and that the court did not give full faith and credit to the judicial proceedings of a sister state, but, in violation of the Constitution of the United States, erroneously struck out and rejected a duly certified transcript of such proceedings and judgment.

It appeared from appellee's testimony that he had resided at Garrett, Indiana, for seventeen years, had been in the employ of appellant continuously for about one year prior to September, 1903, and that the actual amount due him from appellant as wages for the month of September, 1903, was $50.37. He knew his wages for that month had been "stopped" in Chicago, and on October 2, 1903, he executed a paper containing a schedule of his property to be used in any case pending there whereby his wages were attached. He testified that on October 23, 1903, he wrote a letter enclosing such schedule to Pam, Calhoun & Glennon, attorneys in Chicago, asking them to attend to the matter for him, and on October 10, 1903, he wrote a letter to the Light Collection Agency, with reference to the proceedings pending against him in Chicago, from which letter, introduced in evidence, it appears that he had received notice that said agency had garnisheed his wages for the month of September, and claimed that he could defeat the garnishment by appeal, but would pay the amount of the debt without any costs. He further testified that in June, 1904, appellant tendered him a pay voucher for the amount of his wages, less the Chicago garnishment, which he refused solely on the ground that it was not for enough money.

Appellant introduced in evidence numerous statutes of the state of Illinois with reference to the jurisdiction of justices of the peace, and covering the jurisdiction and procedure in cases of attachment and garnishment, and the right of appeal from their judgments to the circuit or

county court of the county in which the justice resides. Appellant also introduced a properly certified transcript of the proceedings had and judgment taken before the Cook county justice of the peace, which transcript contained all the notices, affidavits and proceedings required by the statutes, including a copy of the verified answer filed in the case by appellant as garnishee defendant, in which answer an indebtedness of $50.60 was admitted to be owing, and it was further claimed that appellee was a resident householder of Indiana, and as such, under the laws of that State, was entitled to an exemption of $600 in personal property, and further that said sum of $50.60 was due for wages earned by appellee and payable to him outside of the state of Illinois. It was further shown by the evidence that the first suit in attachment against appellant was dismissed on April 4, 1904, and a new suit immediately brought before the same justice, of which latter suit appellee was notified by letter, the receipt of which he acknowledged. Judgment was rendered in the second suit on May 27, 1904, for $18.90, and paid by appellant.

Appellee in rebuttal introduced, the following statute, approved July 1, 1903: "Be it enacted by the people of the state of Illinois represented in the General Assembly: That wages earned out of this state and payable out of this state shall be exempt from attachment or garnishment in all cases where the cause of action arose out of this state, unless the defendant in the attachment or garnishment suit is personally served with process; and if the writ of attachment or garnishment is not personally served on the defendant, the court, justice of the peace or police magistrate issuing the writ of attachment or garnishment shall not entertain jurisdiction of the cause, but shall dismiss the suit at the cost of the plaintiff." R. S. Ill. (1905), p. 1122, §34a.

It was agreed by the parties that the wages for which

this action was brought were earned and payable 1. within this State, and that all the statutes introduced in evidence were in force April 3, 1904, and thereafter until the time of the trial.

The court below on motion struck out the Illinois transcript from the evidence, for the reason that it did not appear that the justice had jurisdiction over the person of appellee, under the statutes of that state.

The Illinois statute of 1903 provides that wages earned and payable without the state of Illinois shall be exempt from garnishment in cases where the cause of action sued on also arose outside of that state. It appears from the agreement of parties that appellee's wages were earned and payable outside the state of Illinois, but there was no evidence that the cause of action upon which the garnishment proceedings were predicated arose without that state. It is manifest, therefore, that upon appellee's theory want of jurisdiction over his person by the Illinois justice was not apparent, and the court was not justified in striking the transcript from the evidence.

The court erred in striking out this transcript in any view of the matter. A complaint was filed before the Cook county justice upon a cause of action apparently 2. within his jurisdiction, and proper notices were given to acquire jurisdiction over the persons of the defendants. Appellant filed an answer disclosing the residence of the principal defendant, and the character of the fund garnished, which presumably were all the facts within its knowledge, and sufficient, with the other pleadings and papers on file, to invoke the judgment of the court upon the subject of its own jurisdiction. Every court possesses the power of determining its own jurisdiction, both as to the parties and the subject-matter of the action. It is well settled that, when an inferior tribunal is required to ascertain and decide upon facts essential to its jurisdiction, its

judgment thereon is conclusive against collateral attack, unless the want of jurisdiction is apparent on the face of the proceedings. A decision on a jurisdictional question, either expressly or impliedly given by a tribunal, has the same binding effect upon the parties as a decision on any other matter within its cognizance in any pending case or proceeding, and an error in this respect must be corrected in the same manner as other errors are authorized to be corrected. Van Fleet, Collat. Attack, §§62, 63; *Gold* v. *Pittsburgh, etc., R. Co.* (1899), 153 Ind. 232, 246; *Hiatt* v. *Town of Darlington* (1899), 152 Ind. 570; *Forsythe* v. *City of Hammond.* (1895), 142 Ind. 505, 521, 30 L. R. A. 576; *Rhodes-Burford Furniture Co.* v. *Mattox* (1893), 135 Ind. 372; *Stoddard* v. *Johnson* (1881), 75 Ind. 20, 30; *Board, etc.,* v. *Markle* (1874), 46 Ind. 96; *English* v. *Smock* (1870), 34 Ind. 115, 7 Am. Rep. 215; *Evansville, etc., R. Co.* v. *City of Evansville* (1860), 15 Ind. 395, 419.

The law of Illinois, in the absence of any showing to the contrary, is presumed to be the same as that of 3. our own State. *Bierhaus* v. *Western Union Tel. Co.* (1893), 8 Ind. App. 246, 263, and cases cited.

We must accordingly proceed upon the assumption that the courts of Illinois would hold a judgment of a justice of the peace, apparently valid on its face, conclu- 4. sive upon the parties when called in question collaterally. See *Rice* v. *Travis* (1905), 216 Ill. 249, 74 N. E. 801.

The judgment of the court of one state, when sued on, pleaded, or introduced in evidence in another state, is entitled to receive the same faith, credit and respect that is accorded to it in the state where rendered, so, if valid and conclusive there, it is so in all other states. *Davis* v. *Lane* (1851), 2 Ind. *548, 54 Am. Dec. 458; 23 Cyc. Law and Proc., 1546, and cases cited.

There is no showing that appellant failed to disclose any

defense of which it had knowledge in the proceeding before the justice of Cook county, Illinois, and, it appearing that appellee had personal knowledge of that suit, the following quotation is peculiarly applicable: "We need not here undertake to state the measure of the garnishee's duty in all cases, but it may be said, so far as the main action is concerned, that where the principal defendant has personal knowledge of the suit the former is not bound in any event to go further than to look to the jurisdiction, act fairly, and make a full disclosure." *Baltimore, etc., R. Co.* v. *Adams* (1903), 159 Ind. 688, 60 L. R. A. 396. See, also, *Baltimore, etc., R. Co.* v. *Hollenbeck* (1903), 161 Ind. 452.

Upon the facts shown in evidence, it is manifest that the court below did not give that faith and credit to the proceeding and judgment of the Illinois justice required by §1, article 4, of the Constitution of the United States, and erred in excluding the transcript of such proceedings and judgment from consideration.

The judgment is reversed, with directions to sustain appellant's motion for a new trial, and for further proceedings not inconsistent with this opinion.