## LARIMER ET AL. *v.* KRAU, TREASURER.

[No. 8,776. Filed January 29, 1914. Rehearing denied July 2, 1914. Transfer denied October 8, 1914.]

1. DRAINS.—*Assessments.—Injunction.—Collateral Attack. — Complaint.—*An action to enjoin the collection of an assessment for drainage construction on the ground that plaintiff had no notice of the proceedings before the board of county commissioners is a collateral attack on the record of the board, and the complaint, to be sufficient, must show that the action of the board in levying the assessment was void. pp. 37, 41.

2. COURTS.—*Boards of County Commissioners.—Jurisdiction.—*A board of county commissioners, when acting in a judicial capacity, is a court of inferior jurisdiction and may exercise only such power as is conferred by statute. p. 37.

3. JUDGMENT.—*Jurisdiction.—Presumptions. — Collateral Attack.—* While jurisdiction is presumed in favor of a court of general jurisdiction, and nothing is presumed in favor of one of inferior or limited jurisdiction, the latter rule is limited and does not apply as to that which affirmatively or by necessary implication appears from the record; hence, where the record of an inferior tribunal shows that it was required to ascertain and decide upon facts essential to its jurisdiction, its judgment can not be overthrown in a collateral proceeding by proof *de hors* the record showing that it had not jurisdiction. p. 37.

4. DRAINS.—*Establishment.—Jurisdiction.—*The drainage statute confers jurisdiction on the board of county commissioners to establish a drain and levy assessments to pay the cost of the improvement, when a petition as therein designated has been filed and the notice provided has been given, and the board's determination as to whether proper notice has been given is jurisdictional, and the record of its decision upon that question is neither open to collateral attack nor to contradiction by parol testimony. p. 40.

5. JUDGMENT.—*Collateral Attack.—Inferior Courts.—*Where the record of an inferior court fails to show the jurisdictional facts, or such facts do not appear therefrom by necessary implication, the judgment may be attacked collaterally. p. 40.

VOL. 57—3

6.   COURTS.—*Jurisdiction.*—*Presumptions.*—Where the record of an inferior court shows that the court passed upon the jurisdictional facts, and discloses nothing conclusively showing that it did not have jurisdiction, the same presumptions are indulged in favor of the regularity of its proceedings as are indulged in favor of the action of a court of general jurisdiction.' pp. 40, 46.

7.   DRAINS. — *Establishment.* — *Jurisdiction.* — *Collateral Attack.*— The recital in the record of a board of county commissioners in a drainage proceeding, that "finding the petition regular in form, and the bond being sufficient, and notice having been served on all landowners affected who are not joined in said petition, the court now orders the petition docketed", shows a determination of the question of notice and that due notice had been given, and, in the absence of anything in the record to the contrary was conclusive against collateral attack for want of jurisdiction of the person.   p. 41.

8    COURTS.—*Jurisdiction.*—*Presumptions.*—It will be presumed that a court of general jurisdiction had jurisdiction of the persons and of the subject-matter of the action, unless it affirmatively appears from the record that it did not have such jurisdiction, but on the contrary such presumption can not be indulged in favor of the judgment of an inferior court unless jurisdiction of the persons and of the subject-matter is affirmatively shown by its record. pp. 42, 46.

9.   JUDGMENT.—*Validity.*—*"Void Judgment."*—The judgment of a court of record is not void unless the thing lacking or making it so is apparent on the face of the record, but if the infirmity does not so appear, it is merely voidable.   p. 43.

10.  JUDGMENT.—*Judgment of Inferior Court.*—*Validity.*—*Collateral Attack.*—Where the record of a board of commissioners or other inferior court, shows that the jurisdictional facts were passed upon and, either expressly or by necessary implication, that they were held sufficient, its judgment is not void in the sense that it is vulnerable to collateral attack, unless from the whole record it appears that it did not have or acquire jurisdiction, and for the purpose of ascertaining such fact the pleadings, summonses, notices and other files constitute a part of the record and may be resorted to.   pp. 43, 45.

11.  JUDGMENT.—*Attack on Judgment of Inferior Court.*—*Jurisdiction.*—*Evidence De Hors the Record.*—In a direct attack the judgment of an inferior court may be assailed upon the jurisdictional facts by parol or other proof of facts *de hors* the record, but in a collateral attack recitals in the record either directly or by necessary implication showing jurisdiction, or that the court passed upon the jurisdictional facts and held them sufficient, can not be disputed by proof *de hors* the record.   p. 43.

From Elkhart Circuit Court; *James Story Drake,* Judge.

Action by George A. Larimer and another against William P. Krau, Treasurer of Elkhart County. From a judgment for defendant, the plaintiffs appeal. *Affirmed.*

*Ethan A. Dausman* and *Guy W. Dausman,* for appellants.
*Benjamin F. Deahl, Ray Deahl* and *Anthony Deahl,* for appellee.

FELT, J.—This suit was begun by appellants to enjoin appellee as treasurer of Elkhart County, Indiana, from collecting certain drainage assessments levied against appellants' lands in a proceeding before the board of county commissioners of Elkhart County. The court sustained a demurrer to the complaint for insufficiency of the facts alleged to constitute a cause of action against the defendant entitling the plaintiffs to the relief prayed. The plaintiffs refused to plead over, prayed an appeal from the judgment against them on the demurrer, and have assigned as error the sustaining of the demurrer to the complaint.

It is alleged in substance that plaintiffs George A. and Milton B. Larimer and one William T. B. Larimer, who is not a party to this suit, were and are the owners in fee simple, as tenants in common of certain real estate in Elkhart County, Indiana, which real estate is particularly described. The complaint then avers in detail the filing of the drainage petition with the auditor of said county and the several steps in the proceedings up to and including the making of the assessment and placing the assessment against appellants' lands on the tax duplicate for collection. It is then charged that at the time of the filing of said drainage petition and continuously thereafter, George A. Larimer was a nonresident of the State of Indiana and said Milton B. Larimer was a nonresident of said Elkhart County. Also that: "no notice of any kind or character was given to the plaintiff George A. Larimer, nor to the plaintiff Milton B. Larimer, of the filing of said petition, or of the pendency

of said proceeding, or of any of the steps taken or had in said cause; that said proceeding was conducted throughout, and said pretended assessments were made, reported and approved, as aforesaid, without any notice of any kind or character thereof having been given to the plaintiff George A. Larimer, or to the plaintiff Milton B. Larimer; that neither the plaintiff George A. Larimer, nor the plaintiff Milton B. Larimer, had any notice whatsoever of said drainage proceeding, nor of any step or action had or taken therein; and that neither of the plaintiffs in any manner or at any time appeared therein or thereto, nor in any manner whatsoever consented thereto; and that neither of the plaintiffs signed said drainage petition; and that said pretended assessments against said lands, and each and every portion thereof, is and are, separately and collectively, illegal and void." It is then averred that on September 10, 1908, said board of commissioners placed upon their records in said drainage proceeding the following entry: "The court having taken up this matter and finding the petition regular in form, and the bond being sufficient, and notice having been served on all landowners affected who are not joined in said petition, the court now orders the petition docketed." It is also averred that as to plaintiffs "said recital in said record is wholly false and untrue in every respect; that in truth and in fact no notice of any kind or character was served on these plaintiffs or on any of them." The complaint contains the formal averments as to the proceedings to collect the assessments and alleges "irreparable loss" unless a restraining order is issued enjoining the defendant from proceeding to collect said assessments.

Appellants concede that the board of commissioners had jurisdiction of the subject-matter of the proceeding but contend that it did not acquire jurisdiction over the persons of appellants, because there was no notice to them as required by the statute in such proceedings, and that for want of such notice the proceeding is void.

This suit is a collateral attack on the record of the board of commissioners in the drainage proceeding, and the complaint to be sufficient, must show that the action of the

1.  board in levying the assessment against appellants' land is void. *Smith* v. *Pyle* (1909), 44 Ind. App. 150, 152, 88 N. E. 733; *Featherston* v. *Small* (1881), 77 Ind. 143; *Johnson* v. *Ramsay* (1883), 91 Ind. 189, 195. The complaint shows that on a petition, the sufficiency of which is not questioned, the board of commissioners took the several steps required by the statute, and after assuming jurisdiction, established the ditch and, except for want of notice, duly levied the assessments, the collection of which is sought to be enjoined. Notwithstanding the averments denying notice, the complaint sets out a portion of the record of the board of commissioners in said drainage proceedings, which shows affirmatively that the board found that the petition was regular in form and that all landowners, other than the petitioners, who were affected by the proceedings, had been duly served with notice of the proceedings; that after determining such jurisdictional facts, the board ordered said petition docketed.

It is contended that no presumption is indulged in favor of the jurisdiction of a court of inferior jurisdiction, and

2.  that the jurisdiction of such courts may always be inquired into collaterally even in contradiction of the record made by such court. The board of county commissioners, when acting in a judicial capacity, is a court of inferior jurisdiction and may exercise such power only as is conferred by the statute. *Ricketts* v. *Spraker* (1881), 77 Ind. 371; *Brooks* v. *Morgan* (1905), 36 Ind. App. 672, 677, 76 N. E. 331; *Helms* v. *Bell* (1900), 155 Ind. 502, 504, 58 N. E. 707. The proposition that jurisdiction is pre-

3.  sumed in favor of a court of general jurisdiction, and that nothing is presumed in favor of a court of inferior or limited jurisdiction except that which affirmatively, or by necessary implication, appears from its record,

seems to be firmly established in this State. An examination of the numerous decisions shows considerable discrepancy of expression and some difference of opinion as to the conditions under which the want of jurisdiction of an inferior court may be shown by proof *de hors* the record. This want of uniformity may be accounted for in part by the apparent failure to always observe the distinction between a direct and collateral attack, and failure to distinguish the cases where the record shows that the court passed upon the jurisdictional facts and held them to be sufficient to give jurisdiction, from those cases where an inferior court has exercised jurisdiction, but the record does not show affirmatively, or by necessary implication, that the court considered and passed upon the jurisdictional facts before proceeding to exercise its jurisdiction. In *Peters* v. *Koepke* (1901), 156 Ind. 35, 38, 59 N. E. 33, the Supreme Court said: ''According to the later, and, as we think, the more correct decisions in this State, the records even of a court of inferior and limited jurisdiction, where it is affirmatively shown, upon their face, that the court had jurisdiction of the subject-matter of the action, and of the person of the defendant, are entitled to the same respect and are equally invulnerable to collateral attack as those of courts of general jurisdiction.'' In *Stoddard* v. *Johnson* (1881), 75 Ind. 20, 30, the Supreme Court said: ''These authorities show further, that when an inferior tribunal is required to ascertain and decide upon the facts essential to its jurisdiction, its determination thereon is conclusive as against collateral attack.'' Further on in the same case it is said: ''In most of these cases, the questions were raised on appeal, and involved no collateral attack. In so far as many of these cases hold that the jurisdiction of an inferior court must be shown in its own record, they accord with our present ruling and with the cases cited *supra*. Some of them perhaps contain *dicta* against the indulgence of presumptions in favor of the proceedings of inferior courts, after juris-

diction has been acquired, and to the effect that their proceedings are void unless in strict compliance with the law. If so, they are not in harmony with the cases cited and in such respects are overruled.''

In *Weir* v. *State, ex rel.* (1884), 96 Ind. 311, the court had under consideration questions involving the record of the board of county commissioners of Monroe County, and in holding that the recitals of the record could not be contradicted by parol evidence, said: ''The court refused to permit the appellant to show that the commissioners did not hold a session on the first day of January, 1883. In this there was no error. The record introduced in evidence, recited that the board did meet and did hold an election on that day which resulted in the choice of the relator, and this record concluded the parties from attacking it in this collateral proceeding. A record can not be overthrown in a collateral attack of this nature.''

In *Baltimore, etc., R. Co.* v. *Freeze* (1907), 169 Ind. 370, 374, 82 N. E. 761, the Supreme Court in considering a question relating to a justice of the peace said: ''Every court possesses the power of determining its own jurisdiction, both as to the parties and the subject-matter of the action. It is well settled that, when an inferior tribunal is required to ascertain and decide upon facts essential to its jurisdiction, its judgment thereon is conclusive against collateral attack, unless the want of jurisdiction is apparent on the face of the proceedings. A decision on a jurisdictional question, either expressly or impliedly given by a tribunal, has the same binding effect upon the parties as a decision on any other matter within its cognizance in any pending case or proceeding, and an error in this respect must be corrected in the same manner as other errors are authorized to be corrected.''

The drainage statute expressly confers jurisdiction on the board of commissioners to establish a drain and levy assessments to pay the cost of the improvement, when a peti-

tion as therein designated has been filed and the
4. notice provided has been given. It also provides that
if it shall appear to the board that notice has not been
given as therein provided, the proceedings shall be continued
until such notice has been given, and authorizes the board
to proceed only after notice has been given as therein pro-
vided. §§6141, 6142, 6151 Burns 1914, Acts 1907 p. 508.
The determination that notice has, or has not, been given
under this statute is jurisdictional, and when the record
shows that the court passed upon the jurisdictional facts
and proceeded to exercise jurisdiction in the pending pro-
ceeding, its decision upon such questions is conclusive against
a collateral attack and can not be controverted by parol
testimony. If the record of such inferior court fails
5. to show the jurisdictional facts, or if such facts do
not appear by necessary implication from the record,
the judgment may be attacked collaterally. *McMullen* v.
*State, ex rel.* (1886), 105 Ind. 334, 4 N. E. 903; *Board, etc.*
v. *Hall* (1880), 70 Ind. 469, 473; *Muncey* v. *Joest* (1881),
74 Ind. 409, 412; *Brooks* v. *Morgan, supra; Ricketts* v.
*Spraker, supra; Board, etc.* v. *Markle* (1874), 46 Ind. 96,
111; *Vizzard* v. *Taylor* (1884), 97 Ind. 90, 94; *Hiatt* v.
*Town of Darlington* (1899), 152 Ind. 570, 575, 53 N. E.
825; *Gold* v. *Pittsburgh, etc., R. Co.* (1899), 153 Ind. 232,
246, 54 N. E. 802; *Hibben* v. *Smith* (1902), 158 Ind. 206,
209, 62 N. E. 447; *City of Delphi* v. *Startzman* (1885), 104
Ind. 343, 346, 3 N. E. 937; *Shirley* v. *Grove* (1912), 51 Ind.
App. 17, 98 N. E. 874.

Where the record of an inferior court shows that the court
passed upon the jurisdictional facts and does not disclose
any fact or facts which conclusively show that the
6. court did not have jurisdiction, the same presump-
tions are indulged in favor of the regularity of the
proceedings of such court as are indulged in favor of the
action of a court of general jurisdiction. *Brooks* v. *Morgan,
supra,* 678; *Board, etc.* v. *Markle, supra; Stoddard* v. *John-*

son, supra; *Featherston* v. *Small, supra; Rassier* v. *Grimmer* (1892), 130 Ind. 219, 221, 28 N. E. 866, 29 N. E. 918; *First Nat. Bank* v. *Hanna* (1895), 12 Ind. App. 240, 243, 39 N. E. 1054.

In view of the foregoing authorities we hold that the recital in the record of the proceedings shows that the board passed upon the jurisdictional question of notice and held that due notice had been given. There is nothing in the record which shows that the board did not have jurisdiction of the persons of appellants and the statute clearly confers jurisdiction of the subject-matter of the proceeding. As against this collateral attack the record is conclusive, and the complaint was correctly held insufficient to entitle the appellants to the relief prayed. Judgment affirmed.

## On Petition for Rehearing.

FELT, C. J.—Appellants in their petition for a rehearing earnestly contend that the judgment should be reversed and base their contention on two propositions. (1) That the suit is a direct and not a collateral attack on the judgment of the board of commissioners. (2) That the allegations of the complaint that no notice was given or served on appellants make the complaint good and authorized parol proof to dispute the recitals of the record which show that due notice had been served on all landowners affected who had not joined as petitioners.

There is no basis in our decisions for the first contention. The cases cited do not support the proposition and are mostly cases which show a direct, and not a collateral attack upon the judgment. The case of *Frankel* v. *Garrard* (1903), 160 Ind. 209, 66 N. E. 687, mainly relied on was a suit to set aside a judgment on the ground of fraud in its procurement, and incidentally to enjoin the sheriff from enforcing an execution for its collection. The court held that the procurement of a false return by one

of the parties to the suit was a fraud upon the other party "and the court in which the suit was pending". The court also on page 214 held that "The impeachment of the judgment by an action to set it aside and enjoin its collection for fraud in its procurement was direct, and not collateral, attack."

The original opinion mentions the fact that our decisions show considerable discrepancy of expression and some difference of opinion as to the conditions under which the want of jurisdiction of an inferior court may be shown by proof *de hors* the record.

In numerous decisions it has been declared in general terms that a void judgment is subject to collateral attack and that one that is only voidable because of errors and irregularities is invulnerable to such attack. The record of a court of general jurisdiction need not affirmatively show the jurisdictional facts, as it will be presumed that such court had jurisdiction of the persons and of the subject-matter of the suit, unless it affirmatively appears from the record itself that it did not have such jurisdiction. The rule as to inferior courts, boards of commissioners and like tribunals, is that the record must show affirmatively that such court had jurisdiction of the subject-matter and of the persons of the parties to the suit or proceeding, before any presumptions are indulged in favor of the judgments of such courts. There is no doubt or uncertainty as to the position of our courts of last resort on the foregoing general propositions, but the decisions are not all clear and definite with reference to the right to dispute by parol testimony the recitals of the record of such inferior courts which show jurisdiction, or that the court had passed on the jurisdictional facts and proceeded to exercise its jurisdiction in the suit, or proceeding before it.

The judgment of a court of record is not void unless the thing lacking or making it so is apparent on the face of the record. *Brooks* v. *Morgan* (1905), 36 Ind. App. 672, 677,

76 N. E. 331; *Smith* v. *Hess* (1884), 91 Ind. 424, 425; 9. *Earle* v. *Earle* (1883), 91 Ind. 27, 42; *Martin* v. *Neal* (1890), 125 Ind. 547, 553, 25 N. E. 813; *Kingman* v. *Paulson* (1891), 126 Ind. 507, 510, 26 N. E. 391, 22 Am. St. 611. In *Smith* v. *Hess, supra,* the court said: "Some confusion has been brought into the cases by the use of the terms *void* and *voidable,* as applied to judgments. Judgments are frequently spoken of as void, because they may be so declared in a proper proceeding. The general and correct rule, as established by the weight of authority, is, that a judgment by a court of competent jurisdiction is not void, unless the thing lacking, or making it so, is apparent on the face of the record. If the infirmity do not so appear, the judgment is not void, but voidable. One is a nullity, a mere *brutum fulmen,* and may be so treated by all persons, in collateral as well as direct attacks."

If the records of a board of commissioners, or like tribunal, show that the court passed on the jurisdictional facts and either expressly or by necessary implication held them 10. to be sufficient, under the foregoing rule, its judgment is not void in the sense that it is vulnerable to collateral attack, unless it may be ascertained from the whole record that the court did not have or acquire jurisdiction in the particular suit or proceeding. The pleadings, summons, notices and other files in the case or proceeding constitute a part of the record and may be resorted to, to ascertain the facts essential to the court's jurisdiction. *Mitten* v. *Caswell-Runyan Co.* (1913), 52 Ind. App. 521, 525, 99 N. E. 47.

In a direct attack the judgment of an inferior court may be assailed upon the jurisdictional facts by parol, or other proof of facts *de hors* the record, but the decided 11. weight of authority in this State, and the better reason, establish the rule that in a collateral attack the recitals in the record of such court which either directly or by necessary implication show jurisdiction or that the court

passed on the jurisdictional facts, and held them to be sufficient, can not be disputed by facts *de hors* the record. In *Gold* v. *Pittsburgh, etc., R. Co.* (1899), 153 Ind. 232, 246, 54 N. E. 802, the court said: ''Where the want of jurisdiction of an inferior court is not apparent, on the face of its proceedings, it follows, as a general proposition, that its judgment, on the question of its jurisdiction, either expressly or impliedly given, has the same binding effect upon the parties as has its decision on any other matter within its cognizance in such proceeding, and an error in this respect must be corrected in the same manner as other errors are authorized to be corrected.'' In *Harmon* v. *Moore* (1887), 112 Ind. 221, 228, 13 N. E. 718, Mitchell, J., speaking for the court said: ''While a judgment void for want of jurisdiction may be attacked collaterally by a party to the judgment, its invalidity can not be shown in a collateral attack by bringing forward matter extraneous to the record itself.'' In *Baltimore, etc., R. Co.* v. *Freeze* (1907), 169 Ind. 370, 375, 82 N. E. 761, the court held that the judgment of an inferior tribunal on jurisdictional facts ''is conclusive against collateral attack, unless the want of jurisdiction is apparent on the face of the proceedings.'' As supporting our conclusion we cite the following additional authorities. *Friebe* v. *Elder* (1914), 181 Ind. 597, 105 N. E. 151; *Sinclair* v. *Gunzenhauser* (1913), 179 Ind. 78, 98 N. E. 37, 100 N. E. 376; *Baker* v. *Osborne* (1914), 55 Ind. App. 518, 104 N. E. 97; *Heagy.* v. *Black* (1883), 90 Ind. 534, 543; *Hord* v. *Elliott* (1870), 33 Ind. 220,.222; *State, ex rel.* v. *Needham* (1869), 32 Ind. 325, 327; *Town of Cicero* v. *Williamson* (1883), 91 Ind. 541, 542; *Board, etc.* v. *Hall* (1880), 70 Ind. 469, 475; *Marshall* v. *Gill* (1881), 77 Ind. 402, 405; *Argo* v. *Barthand* (1881), 80 Ind. 63, 66; *Johnson* v. *Ramsey* (1883), 91 Ind. 189, 195; *Pendleton, etc., Turnpike Co.* v. *Barnard* (1872), 40 Ind. 146; *Harman* v. *Moore* (1887), 112 Ind. 221, 13 N. E. 718; *Lantz* v. *Maffett* (1885), 102 Ind. 23, 28, 26 N. E. 195; *Clayborn* v. *Tompkins* (1895), 141 Ind.

19, 22, 40 N. E. 121; *State, ex rel.* v. *Hudson* (1871), 37 Ind. 198, 202. The cases that lend most support to appellants' contention are *Smith* v. *Clausmeier* (1893), 136 Ind. 105, 35 N. E. 904, 43 Am. St. 311, and *Forsyth* v. *City of Hammond* (1895), 142 Ind. 505, 40 N. E. 265, 41 N. E. 950, 30 L. R. A. 576. They are not in harmony with the prevailing weight of authority or consistent with the underlying principles which control such questions.

The complaint in the case at bar pleads a part of the record which shows that the court passed on the jurisdictional facts and held them to be sufficient to give jurisdiction of the pending proceeding and of appellants. The averments which charge that the record is false and that appellants had no notice, are independent of the facts shown by the record, and are to be supported, if at all, by proof of facts *de hors* the record, for it can not be presumed in the absence of averments showing all, or other parts, of the record, that the parts not pleaded are contradictory of the part set out in the complaint. If instead of setting out only a portion of the record, appellants had set out the pleadings, notice, proof of service or any other part, or all, of the record or files of the case, and from such record facts it appeared that the general finding of the court on the question of notice, or any other jurisdictional fact was made without any notice or without any showing of other facts essential to the court's jurisdiction, a very different question would be presented. The complaint could have been made sufficient to withstand the demurrer, if the plaintiffs had set out in their complaint enough of the record to show that no notice of any kind had been given to appellants, or to any one to whom such notice under the drainage statute might be given so as to bind appellants.

From the decided cases and from the underlying principles controlling the questions involved, the rule is deduced that to render a judgment void, it is not enough that the court did not in fact have jurisdiction

to render it, but such want of jurisdiction must be apparent upon the face of the record. When a judgment shows on its face that the court or tribunal rendering it had jurisdiction, such judgment can not be assailed collaterally by alleging and proving facts extraneous to the record. If the court is one of general jurisdiction it is presumed

8. to have had the requisite jurisdiction, unless it affirmatively appears from the record that it did not have or acquire such jurisdiction. If it is a court or tribunal of inferior jurisdiction, it must appear affirmatively from the record that such court or tribunal had jurisdiction of the subject-matter of the suit or proceeding and acquired jurisdiction of the parties thereto, or that the court passed on the jurisdictional facts and held them to be sufficient.

When the records of such inferior courts and tribunals show either affirmatively, or by necessary implication, that such court or tribunal had jurisdiction of the subject-

6. matter and of the persons, thereafter the same presumptions are indulged as to the regularity of the proceedings of such court or tribunal as are indulged in favor of the proceedings of courts of general jurisdiction, and a pleading to be sufficient to show that such a judgment is subject to collateral attack must set out enough of the record to show that such court did not in fact have jurisdiction.

The petition for rehearing is therefore overruled.

Ibach, P. J., and Hottel, Shea, Lairy and Caldwell, JJ., concur.

Note.—Reported in 103 N. E. 1102; 105 N. E. 936. As to what are collateral attacks upon judgments, see 23 Am. St. 104. See, also, under (1, 4) 14 Cyc. 1064; (2, 5) 11 Cyc. 389; (3) 23 Cyc. 1082; (6) 11 Cyc. 693; (7) 14 Cyc. 1043, 1064; (8) 11 Cyc. 691, 693; (10) 23 Cyc. 1088; (11) 23 Cyc. 959, 1088.