## BAKER *v*. OSBORNE ET AL.

[No. 8,779.   Filed February 20, 1914.]

1.  APPEAL.—*Judgments Reviewable.—Final Judgment.—Judgment for Costs.*—Although the judgment appealed from was for costs only and did not contain the usual and proper statement that plaintiff take nothing by his complaint, it was a judgment from which an appeal could be prosecuted, where the record clearly disclosed a trial and a final and effectual disposition of the cause and a judgment for all costs rendered in pursuance of such disposition.   p. 519.

2.  APPEAL.—*Briefs.—Statement of Evidence.—Sufficiency.*—Where appellant's contention, in an action to enjoin the collection of assessments levied in a ditch proceeding, was that he had no notice of such proceeding, and his brief stated that the record in such proceeding, and proof of service, were introduced, showing that service was not had on him, without setting them out, there was no sufficient compliance with clause 5 of Rule 22, providing for a condensed recital of the evidence in narrative form.   pp. 520, 522.

3.  APPEAL.— *Briefs.— Admissions.— Scope and Effect.*— An admission in appellant's brief that the drainage commissioners made an order establishing a ditch carried with it the implication that they found the existence of the facts essential to jurisdiction, so that in the absence of an affirmative showing that appellant had no notice of the proceedings, it will be presumed as against collateral attack that he was properly served with notice.   p. 521.

4.  DRAINS.— *Proceedings to Establish.— Notice.— Service.*—Under §6142 Burns 1908, Acts 1907 p. 508, relating to notice in drainage proceedings, proper service of· notice may be had by leaving a copy with the occupant of the lands affected, or by leaving a copy at the last and usual place of residence of the person to be served, or of the occupant of his lands, so that the testimony of a landowner that he had not "received" notice of a drainage proceeding was insufficient to show that such notice had not been served.   p. 522.

5. APPEAL.—*Briefs.*—*Failure to Show Error.*—The court on appeal will not go beyond appellant's brief in search of error to reverse the judgment below. p. 523.

From Jasper Circuit Court; *Charles W. Hanley,* Judge.

Action by William P. Baker against Frank Osborne and others. From a judgment for defendants, the plaintiff appeals. *Affirmed.*

*William H. Parkinson* and *John A. Dunlap,* for appellant. *George A. Williams,* for appellees.

HOTTEL, J.—This is an action begun by appellant to enjoin appellees and each of them from the collection of an assessment levied against his land in a ditch proceeding had before the Board of Commissioners of Jasper County, Indiana. The complaint proceeds on the theory that such assessment against appellant's lands was void, because he had never had any notice of such proceedings before the board, and that such assessment was made without the board having ever acquired jurisdiction of his person. A general denial to the complaint closed the issues of fact. The cause was submitted to the court for trial. There was a general finding for appellees and a judgment in their favor for costs. A motion for a new trial filed by appellant was overruled.

The errors relied on in appellant's brief present, in different form, practically the same question, viz., that of the sufficiency of the evidence to sustain the decision of the trial court. Before going to this question it should be remarked that appellees insist that the record herein shows no final judgment within the meaning of §671 Burns 1908, §632 R. S. 1881, from which an appeal may be prosecuted. It is true that the judgment shown by the record is for costs only, and does not contain the usual and proper statement that plaintiff take nothing by reason of his complaint; but the absence of such statement in a final judgment is not fatal where, as in this case, the record clearly discloses a trial and a final and effectual dis-

position of the cause and a judgment for all costs rendered in pursuance of such disposition. *State, ex rel.* v. *Lung* (1907), 168 Ind. 533, 80 N. E. 541, and authorities there cited.

It is further contended by appellees that appellant has not complied with the rules of this court by setting out in his brief a concise statement of the evidence, in narrative form and has therefore waived his right to a consideration of any question relating to the admission or sufficiency of such evidence. The evidence set out in such brief is very meager, and open to the criticism that it contains statements of appellant's conclusions as to what the evidence shows rather than a recital of the evidence in narrative form, as subd. 5, Rule 22 of this court, and the decisions construing it, require. *Webster* v. *Bligh* (1912), 50 Ind. App. 56, 98 N. E. 73; *Cleveland, etc., R. Co.* v. *Bowen* (1913), 179 Ind. 142, 100 N. E. 465; *Huffman* v. *Thompson* (1912), 177 Ind. 366, 98 N. E. 113; *Baker* v. *Gowland* (1906), 37 Ind. App. 364, 370, 76 N. E. 1027. As before indicated, appellant's contention is that there was no notice of the proceeding served on him. It was important therefore, and, under the rule and authorities above cited, necessary that he set out in his brief the evidence on this subject. The brief shows that the witness Mr. Leatherman, the auditor of the county, identified the record of the ditch proceeding, "and the order filing the petition, and fixing a day for docketing and notice ordered was introduced in evidence"; that the witness identified the record in such proceeding "showing proof of notice in said proceedings by which it appears that proof of service upon appellant was not made"; that he also identified "a paper as being the proof of service by O. P. Robinson in the  *  *  *  ditch proceeding, and the same was introduced in evidence as plaintiff's 'exhibit B', by which it appears that said notice was not served upon appellant." Neither the record, showing proof of notice, nor the paper identified as the proof of

notice is set out in the brief. Appellant's statement that from them "it appears that said notice was not served upon appellant" is a conclusion only and can not be said to be a condensed recital of the contents of such record or paper, and this court, without resort to the record can not know what were the contents of such record and paper.

Appellant in his brief admits that the original petition in the ditch proceeding described appellant's lands and alleged that he was the owner thereof, and that such

3. lands would be affected by and likely be benefited by such ditch. He also admits that orders of the board were introduced in evidence showing the qualification of drainage commissioners and extension of time for filing their report, the filing of their report, the bringing in new parties, the filing of certain remonstrances, the submission and trial of the cause, the assessment confirmed as modified by the court, the establishment of the ditch, allowances of expense bills, and the assignment of the improvement to W. Frank Osborne for construction. This admission of appellant carries with it the implication that the board found the existence of the facts necessary to give it jurisdiction, because the general order or judgment establishing the ditch which is admitted by appellant was a sufficient declaration of jurisdiction. "When the jurisdiction of such a court depends upon the finding of certain facts, the exercise of jurisdiction implies the finding of such facts." Evansville Ice, etc., Co. v. Windsor (1897), 148 Ind. 682, 691, 48 N. E. 592, and authorities there cited. See, also, Osborn v. Sutton (1886), 108 Ind. 443, 445, 9 N. E. 410. "Every court possesses the power of determining its own jurisdiction, both as to the parties and the subject-matter of the action. It is well settled that, when an inferior tribunal is required to ascertain and decide upon facts essential to its jurisdiction, its judgment thereon is conclusive against collateral attack, unless the want of jurisdiction is apparent on the face of the proceedings. A de-

cision on a jurisdictional question, either expressly or impliedly given by a tribunal has the same binding effect upon the parties as a decision on any other matter within its cognizance in any pending case or proceeding, and an error in this respect must be corrected in the same manner as other errors are authorized to be corrected.'' *Baltimore, etc., R. Co.* v. *Freeze* (1907), 169 Ind. 370, 374, 82 N. E. 761. See, also, *Larimer* v. *Krau* (1914), 57 Ind. App. —, 103 N. E. 1102, 105 N. E. 936; *Stoddard* v. *Johnson* (1881), 75 Ind. 20. ''Whether there was or was not notice, was, of course, a jurisdictional question, and this question having been considered and determined by the commissioners' court, that decision can not be subjected to review and overthrown by a collateral attack, such as the present. * * * The general rule upon this subject, deducible from the authorities, may be thus stated: If there is no notice whatever, and this affirmatively appears upon the face of the proceedings, the judgment will be void, and may be overthrown by a collateral attack. If a court, having jurisdiction of the subject-matter, and required to determine all jurisdictional questions, either expressly or impliedly, adjudges that notice was given, its decision will repel a collateral attack, unless the record of the court affirmatively shows that no notice was given; and this is so although the record shows a defective and irregular notice.'' *Muncey* v. *Joest* (1881), 74 Ind. 409, 412, and the authorities there cited. We cannot say from

2. appellant's brief that the record of the board in the ditch proceedings affirmatively shows that no notice was given him.

Appellant also apparently lays some stress on that part of his own testimony set out in his brief as follows: ''That he did not receive notice at any time of the pending

4. of this petition in commissioners court for the establisment of the Prouty ditch.'' Without indicating anything on the question of the correctness of the admis-

sion of such evidence it is sufficient to say that it appears from the language quoted that appellant contented himself with saying that "he did not *receive* notice at any time", etc. So far as this statement shows a proper service of notice may have been had by copy left with appellant's occupant of the lands or by copy left at the last and usual place of residence of appellant or his occupant, in either of which cases, it being shown by appellant in his brief that he was a resident landowner, there would have been compliance with the statute providing notice in such cases. See §6142 Burns 1908, Acts 1907 p. 508. This court will not go beyond appellant's brief in quest of error to reverse the judgment below. *State, ex rel.* v. *Board, etc.* (1906), 167 Ind. 276, 287, 288, 78 N. E. 1016; *Emerson* v. *Opp* (1894), 9 Ind. App. 581, 587, 34. N. E. 840, 37 N. E. 24.

Judgment affirmed.

NOTE.—Reported in 104 N. E. 97. As to the scope and effect of writs of error, see 91 Am. Dec. 193. As to the review of a chancery decree for costs only, see 6 Ann. Cas. 100. See, also, under (1) 2 Cyc. 593; (2) 2 Cyc. 1013; (3) 3 Cyc. 388; (4) 14 Cyc. 1033-1035; (5) 2 Cyc. 1014.