FIDLER v. GILCHRIST ET AL.

[No. 8,580. Filed October 14, 1915. Rehearing denied December 17, 1915.]

1. JUDGMENT.—*Collateral Attack.*—*United States Courts.*—*Jurisdiction.*—Where the United States Circuit Court disregarded an intervening petition in a receivership proceeding, setting up a claim to certain funds derived from property sold, and ordered the receiver to forthwith pay such funds to a creditor, the State court can not entertain a proceeding to declare that such intervening petitioner has a superior lien on the fund in the hands of such creditor, since such proceeding is a collateral attack on the judgment of the federal court. p. 363.

2. JUDGMENT.—*Relief.*—*Forum.*—One who seeks relief from a judgment alleged to have been procured by fraud, mistake or collusion, must seek it by proper proceeding in the court where rendered, or by appeal. p. 365.

3. JUDGMENT.—*Conclusiveness.*—*United States Courts.*—Judgments and decrees of the Circuit Court of the United States, sitting in a particular state, are to be accorded such effect in the courts of that state, as would be accorded in similar circumstances to the judgments and decrees of state tribunals of equal authority. p. 365.

From Marion Circuit Court (17,840); *Charles Remster*, Judge.

Action by George W. Fidler against Hector M. Gilchrist and another. From a judgment for defendants, the plaintiff appeals. *Affirmed.*

*F. F. McClellan, D. D. Hensel* and *L. A. Guthrie,* for appellant.

*Gavin, Gavin & Davis,* for appellee.

SHEA, C. J.—The court sustained appellees' demurrer to appellant's amended complaint, and this ruling is the basis of the error assigned for a reversal of this cause. The amended complaint filed in the spring of 1912 shows, among other things, that in a suit in the United States Circuit Court for Indiana, a receiver was appointed for certain leasehold and other property; that under the order of the court the receiver sold the property for $11,500; that on December 7,

1907, the United States Court rendered its final decree in the case therein pending, and by such decree adjudged and ordered that the receiver should "forthwith" pay to the National Supply Company $876, and to appellee Gilchrist $1,500, with some interest, out of the proceeds of such sale. Pursuant to the decree of that court this money was paid to the appellees on December 7, 1907. Appellant now claims that the Federal court was wrong in adjudging this money to appellees; that he had filed in that court an intervening petition setting up a claim to $1,200 of this money, which the Federal court overlooked and did not allow. He therefore asked the Marion Circuit Court, in effect, to correct the oversight, or error, or wrong, of the Federal court, and adjudge him to have a superior lien upon this fund, as the Federal court ought to have done, and require appellees to pay the same over to him. It is contended that this failure of the Federal court to give consideration to the intervening petition, gives this court jurisdiction of the subject-matter upon the theory that there was no adjudication in the Federal court, and that the money may be pursued into the hands of the present holders, appellees. It is not contended that the Federal court did not dispose of all of the property involved in the controversy therein, making a final order disposing of it to the appellees in this case. It is not contended that any authority exists in the State courts to change or overrule a decision of the Federal court. The effect of sustaining appellant's contention in this case would be to overrule, by indirection, a decision of the Federal court. It is a maxim of the law that you may not do by indirection what you may not do directly. The position of appellant amounts to a collateral attack in the State court upon a judgment of the Federal court.

Fidler *v.* Gilchrist—60 Ind. App. 363.

We think it needs no extended citation of authority to show that this can not be done. *Larimer* v. *Krau* (1914), 57 Ind. App. 33, 103 N. E. 1102, 105 N. E. 936; *Bruce* v. *Osgood* (1900), 154 Ind. 375, 56 N. E. 25.

The remedy which was open to appellant seems to have been neglected or overlooked. A motion in the Federal court to correct any error that 2. might have occurred, or an appeal from the court's order, was open to appellant. Just why these remedies were not resorted to is not clear, nor is it important in the determination of this cause. It is well settled that one who seeks relief from a judgment alleged to have been procured by fraud, mistake or collusion, must seek it by proper proceeding in the court where rendered, or by appeal. *Graham* v. *Boston, etc., R. Co.* (1886), 118 U. S. 161, 6 Sup. Ct. 1009, 30 L. Ed. 196; *Smith* v. *Hess* (1884), 91 Ind. 424; *Emerick* v. *Miller* (1902), 159 Ind. 317, 64 N. E. 28; *Bruce* v. *Osgood, supra*; *Larimer* v. *Krau, supra*; 2 Freeman, Judgments (4th ed.) §334.

Judgments and decrees of the circuit court of the United States sitting in a particular state, are to be accorded such effect in the courts of 3. that state as would be accorded in similar circumstances to the judgments and decrees of state tribunals of equal authority. *Crescent City, etc., Co.* v. *Butchers Union, etc., Co.* (1887), 120 U. S. 141, 7 Sup. Ct. 472, 30 L. Ed. 614.

No error was committed by the trial court in sustaining the demurrer to the complaint. Judgment affirmed.

NOTE.—Reported in 109 N. E. 796. As to conclusiveness of judgment on collateral attack, see 15 Am. St. 142. See, also, under (1) 23 Cyc 1055, 1057; (2) 23 Cyc 986; (3) 23 Cyc 1598.